| 99 | 275 |
|211 | 416 |

### WILLIS T. ROBERTS

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 14, 1881.*

PERJURY—*proof must sustain charge as to what defendant testified.* An indictment for perjury in testifying upon an examination of one on a charge of bastardy, alleged that on such examination it became a material question whether the prosecutrix and one C D were together at a certain time and place, and that defendant falsely, etc., did depose, etc., that "on or about the 1st day of March, 1880," the prosecutrix and C D were together at such place, making the time material. The proof failed to show satisfactorily that the defendant stated on his examination that the prosecutrix and C D were together on or about the 1st day of March, 1880, at the place charged, or anywhere else at that date. For this defect in the proof, a judgment of conviction was reversed.

WRIT OF ERROR to the Circuit Court of Ogle county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. THEODORE P. BAILEY, Mr. L. H. STRAWN, and Mr. E. F. BULL, for the plaintiff in error.

Mr. JAMES McCARTNEY, Attorney General, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Defendant was indicted for the crime of perjury, and on the trial in the circuit court he was convicted and sentenced to serve a period of one year in the penitentiary. That judgment he seeks to reverse on a writ of error in this court. It is alleged the accused committed perjury in the testimony he gave on the examination of Owen B. Genty before a justice of the peace, on a charge of bastardy. It is set forth in the indictment that on such examination it became a material question whether the prosecutrix and William Stout were together at the office of one Edward F. Dutcher, in the city of Oregon, in Ogle County, "on or about the 1st day of March, 1880," and the charge against defendant is, that on such examination he did falsely, feloniously, wilfully and corruptly depose, swear and give in evidence, among other things, that "on or about the 1st day of March, 1880," the prosecutrix and Stout were together in the office of Dutcher, in the city of Oregon, whereas, in truth and in fact, the parties named were not together at the office of Dutcher "on or about the 1st day of March, 1880."

It will be observed it is made material, by proper averments, the prosecutrix and Stout were together "on or about" the day named in the indictment. All the evidence contained in this record has been carefully considered, and there is not found in it any satisfactory evidence defendant stated on his examination the prosecutrix and Stout were together "on or about the 1st day of March, 1880," at Dutcher's office, or anywhere else, at that date. The clear

preponderance of the testimony is, he stated he saw Stout in the stairway or hallway leading to the office, and, on entering the office, he saw a woman there he was told was the prosecutrix. The theory of the defence, that he testified he saw John Griswold with the prosecutrix in the office, but no one else, and that it was from him he learned who it was, seems to have the weight of the testimony in its support.

The magistrate before whom the examination of ·Genty was had, states he heard defendant testify he saw the prosecutrix and Stout in Dutcher's office, but that he did not state any particular time. Whether he stated the parties were together at the office at a time other than that mentioned in the indictment, was not and is not a material question. The confession of Stout of indecent conduct with the prosecutrix in Dutcher's office, has no tendency to prove what defendant may have testified to on the preliminary examination of Genty before the magistrate, on the charge of bastardy. In 'that respect his testimony was unimportant.

As it does not appear, from the evidence contained in the record, that defendant is so clearly guilty of the crime with which he is charged in the indictment that the conviction ought to stand, it will not be necessary to consider other objections insisted upon on the argument, and the judgment will be reversed and the cause remanded.

*Judgment reversed.*