ALPHIA M. SHEVALIER V. STATE OF NEBRASKA.

FILED NOVEMBER 9, 1909. No. 15,987.

1. **Perjury**: EVIDENCE: MATERIALITY. To sustain an information charging perjury, the alleged false testimony must be in respect to matter material in the action in which it is given.

2. ———: ———: ———. Where, in a prosecution for perjury, the defendant is shown to have testified falsely, but on matter not material to the issue, such false testimony being in respect to collateral matter is therefore immaterial.

3. ———: ———: ———. In an information for perjury the allegations, in substance, charge that the defendant appeared as a petitioner in a certain judicial proceeding pending in the county court; that she asked the court to set a time for proving an alleged will of one Helen A. Horn, deceased; that she asked that said will be probated; that she was sworn on the hearing of said petition by the judge of said court, and in a matter material to said cause wilfully, corruptly and feloniously deposed and swore that she, the said defendant, in answer to certain interrogatories put to her as to whether she found certain clothing in the house of the said Helen A. Horn, and as to whether she found any furs, a sealskin coat, diamonds or money in said house, answered that she did not. The answers of defendant, which the information charges are false, *held*, in the absence of evidence showing its materiality either directly or on a collateral issue, to be immaterial to the proceedings in which it was alleged the false testimony was given.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*Charles O. Whedon* and *Minor S. Bacon*, for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

DEAN, J.

Mrs. Alphia M. Shevalier, plaintiff in error, hereinafter called the defendant, was convicted of the crime of perjury and sentenced to serve a term of five years in the

penitentiary. Her counsel designates 93 assignments of error. The information consists of 15 counts, and in respect to the points discussed by the state and the defendant they are all similar in form. Following is the third count, that being the one mainly argued by the respective parties: "And Frank M. Tyrrell, county attorney aforesaid, upon his oath aforesaid, gives the court to understand and be informed that the said Alphia M. Shevalier, late of the city, county and state aforesaid, on or about the 3d day of January, 1908, in the county last named and within the corporate limits of the city of Lincoln, then and there being, in a certain judicial proceeding then and there pending in the county court of Lancaster county, Nebraska, said court having jurisdiction of the probating and proving of wills, wherein Alphia M. Shevalier was petitioner and was asking the court to set a time for proving the alleged will of one Helen A. Horn, deceased, and was asking that said will be proved and probated, the said Alphia M. Shevalier did then and there appear in said cause in said court while the same was open and transacting business, and being then and there duly sworn upon the hearing on said petition by the Honorable P. James Cosgrave, the judge of said court, as required by law, did then and there in a matter material to said cause wilfully, corruptly and feloniously depose and swear certain matters to be true in regard to said petition and judicial proceedings, as follows, to wit: That she, the said Alphia M. Shevalier, in answer to certain interrogatories put to her as to what clothing she found in the house of the said Helen A. Horn, and as to whether she found any furs in said house, answered, 'No,' whereas, in truth and in fact, said Alphia M. Shevalier did find a fur garment, an article of wearing apparel, in said house of the said Helen A. Horn, she, the said Alphia M. Shevalier, then and there well knowing that the said matter then as aforesaid testified to, deposed and declared by her to be true was then and there false, contrary to the form of the statutes in such case made and

provided, and against the peace and dignity of the state of Nebraska."

The statute under which the prosecution is brought is as follows: "If any person having taken a lawful oath, or made lawful affirmation in any judicial proceeding, or in any other matter where, by law, an oath or affirmation is required, shall upon such oath or affirmation wilfully and corruptly depose, affirm, or declare any matter to be fact, knowing the same to be false, or shall in like manner deny any matter to be fact, knowing the same to be true, every person so offending shall be deemed guilty of perjury, and shall be imprisoned in the penitentiary not more than fourteen years nor less than one year." Criminal code, sec. 155. The defendant argues that the facts stated in the information do not constitute an offense punishable by the laws of this state. It is fundamental that, to sustain this charge, the alleged unlawful swearing must be with reference to a matter that is material in the action in which the testimony which is alleged to be false is given. In 3 Coke's Institutes, 164, the offense is thus defined: "Perjury is a crime committed, when a lawful oath is ministered by any that hath authority, to any person, in any judicial proceeding, who sweareth absolutely, and falsely in a matter material to the issue, or cause in question, by their own act, or by the subornation of others." *Rex v. Griepe,* 1 Ld. Raym. (Eng.) 256: "False evidence if immaterial is not perjury." *Hood v. State,* 44 Ala. 81: "Perjury is a corrupt, wilful, false oath taken in a judicial proceeding in regard to any matter or thing material to a point involved in the proceeding." *People v. Collier,* 48 Am. Dec. 699 (1 Mich. *137): "Indictment for perjury must show on its face that the false allegation was material to the matter in question. * * * Innuendo in indictment for perjury is bad when there is nothing previously stated to which it can refer." *State v. Anderson,* 103 Ind. 170: "An indictment for perjury, * * * predicated upon an affidavit for a continuance of a pending cause, must show by a specific

averment or by the statement of the facts that the swearing was touching matters material to the point in question." *State v. Hayward,* 1 Nott & McC. (S. Car.) 546: "Where there has been a conviction for perjury, and the words stated in the indictment do not, from the face of the indictment, appear to be material by averment, or by the context of the indictment, or by their own import, judgment will be arrested." See, also, *State v. Peters,* 57 Vt. 86; *State v. Flagg,* 25 Ind. 243. *Dilcher v. State,* 39 Ohio St. 130: "Perjury may be assigned on falsely swearing to the fact in issue in an action; to any circumstance which tends to prove or disprove such fact; to any circumstance or matter which tends to corroborate or strengthen the testimony upon such issue or which legitimately affects the credit of the witnesses giving such testimony. In an indictment for perjury, it is sufficient to charge generally that the false testimony was in respect to a matter material in the action in which it was given." 30 Cyc. 1435: "It is sufficient to charge generally that the false testimony was in respect to a matter material to the issue, without setting out the facts from which such materiality appears. If, however, the facts are also stated, and it clearly appears that the testimony was not material, a formal allegation of materiality will not save the indictment." The first point of the syllabus in *Gandy v. State,* 23 Neb. 436, is as follows: "In an information for perjury, it is sufficient to charge generally that the false testimony was in respect to a matter material in the action in which it is given." In that case the same objection was urged to the indictment as in this case. The same allegation was made that the testimony was given "in a matter material to said action," and it was said: "It is quite probable that there is sufficient alleged in the complaint to meet the requirements of the authorities cited by plaintiff in error, but without discussing that question, we think it must be held sufficient to charge generally that the false testimony was given in respect to

27

a matter material in the action in which it was given."
See, also, 2 Bishop, Criminal Procedure (3d ed.), sec. 921;
2 Chitty, Criminal Law (5th Am. ed.) *307; *Regina v.
Bennett,* 3 C. & K. (Eng.) 124; *State v. Sutton,* 147 Ind.
158; *People v. Brilliant,* 58 Cal. 214; *Kimmel v. People,*
92 Ill. 457; *Roberts v. People,* 99 Ill. 275.

In the present case the information charges the defend-
ant with being a petitioner in the county court and asking
that tribunal to set a time for proving the alleged will of
one Helen A. Horn, deceased. She is also charged with
asking that said will be proved and probated, and it is
alleged she appeared in said cause in said court and, on
being sworn upon the hearing of said petition by the judge
of said court, then and there in a matter material to said
cause wilfully, corruptly and feloniously testified that
certain matters were true in regard to said petition and
judicial proceeding. The information then specifically
alleges that the defendant testified that she did not find
any clothing or any furs in the house of the said Helen A.
Horn, deceased. This testimony of the defendant, as has
been shown, the information alleges is false. In other
counts she is charged in substantially a like manner with
having testified that she did not find a sealskin coat and
some diamonds and over $5,000 in the said house, and
that she did not have them in her possession. The in-
formation also alleges this testimony of the defendant to
be false. The main facts that were before the county court
had to do merely with the question of setting a time for
proving the alleged will of Helen A. Horn, and in asking
for its probate. These facts alone, as shown by the in-
formation, were the facts immediately in issue. None of
the testimony of the defendant, which it is alleged by the
information was false, is in any way material to that
issue so far as appears from the face of the information,
and considered apart from the general averment of ma-
teriality. Our court and other jurisdictions as well have
defined the nature of the proceedings in which the infor-
mation alleges the false testimony was given by the de-

fendant. *Pettit v. Black*, 13 Neb. 142, 151: "Probate of a will is defined to be: 'The proof before an officer authorized by law that an instrument offered to be proved or recorded is the last will and testament of the deceased person whose testamentary act it is alleged to be.' 2 Bouvier Law Dict. 378. In other words, probate is proving the instrument purporting to be a will to have been signed by the testator in the presence of at least two witnesses, who at his request signed the same as witnesses; and that the testator, at the time of the execution thereof, was of sound mind." *McCay v. Clayton*, 119 Pa. St. 133: "The probate of a will is a proceeding to establish its validity." In *In re Spiegelhalter's Will*, 1 Pennewill (Del.) 9, and defining the term "probate," the court say: "In contemplation of law it is solely an inquiry as to the validity of a certan paper writing, whether it is or is not the last will and testament of the decedent; and the judgment or decree in such case is either that it is or is not such will." *In re Lamb's Estate*, 122 Mich. 239: "To probate involves only a determination that the will was duly signed and published, and that the testator was competent to make it. It simply establishes the validity of the will."

The state contends that matters affecting the character or credit of a witness are material, and in its brief argues: "It will be borne in mind that at the hearing upon the probate of the last will and testament of Helen A. Horn, deceased, the defendant swore that she knew nothing of any sealskin coat, diamonds, or money belonging to deceased. It seems that her testimony was false in this respect. It afterwards developed that she had purloined the various articles including the money that she was questioned about and of which she denied all knowledge. It cannot be doubted that it would have affected her credibility if the court had known that before the will had been probated she had surreptitiously taken possession of thousands of dollars' worth of personal property belonging to the estate. Her testimony in

which she denied all knowledge of the sealskin coat, diamonds and money was therefore material." In support of its contention the state cites *Washington v. State,* 22 Tex. App. 26, wherein it is held: "Perjury may be assigned upon a false statement affecting only a collateral issue, as that of the credit of a witness." But the reasoning in that case we do not believe applies to the present case because the witness whose credit is there referred to testified on a material matter, and the court merely held that, where false statements were adduced for the purpose of affecting the credibility of the state's witnesses and were calculated to have the effect of impeaching, or at least casting suspicion upon, such testimony, such false swearing will sustain the charge of perjury. In that case the testimony upon which the charge of perjury was based was not itself directed to matter that was material to the main issue, but was collateral only in the sense that it was directed to, and introduced for the purpose of, discrediting a witness who testified to material facts. The rule there announced cannot be said to apply to the facts in the present case because the evidence adduced at the trial fails to show that the alleged false testimony given by the defendant, and on which the charge of perjury is based, was material to the issues which the information alleges were involved in the proceedings in the county court. The state also cites *Dilcher v. State, supra,* wherein it is held that perjury may be assigned on falsely swearing to any matter which tends to corroborate or strengthen the testimony upon the main issue or which legitimately affects the credit of the witnesses giving such testimony. *State v. Strat,* 1 Murphey (N. Car.) 124, is also cited. It holds: "Perjury may be committed in answering a question that has no relation to the issue, if asked with a design to impair the credit of the witness as to those parts of the case which are material and important to the issue, particularly if the witness be cautioned to his answer." *People v. Courtney,* 94 N. Y. 490, holds in effect that, in order to assign perjury upon false

testimony that goes to the credit of a witness, the assign-
ment must be with respect to a witness who has given
material testimony on the trial.    To substantially the
same effect are all the citations of the state on this point.
We concede the correctness of the rule as announced in
the state's citations as applying to the facts therein dis-
cussed, but we do not believe the rule is applicable to the
facts in the case at bar.    The authorities clearly dis-
tinguish between the false testimony of a witness who
testifies with respect to material matter and one who
testifies falsely concerning matter that is not material.
We therefore conclude from the record before us that the
false testimony ascribed to the defendant was not material
to the questions involved in the proceedings in the county
court so far as the testimony shows.    It is probable that
the state may be able to show by the circumstances and by
the connection and relation which this testimony bore to
other testimony at the hearing upon the probate of the
will that it became and was material in that proceeding,
but, as the record now stands, there is no evidence to
show that the testimony was material on such issue, and
it therefore fails to support the general allegation of ma-
teriality in the information.

The defendant also points out and argues at length that
"it must appear from the information that the alleged
oath was administered by one having legal authority;
otherwise there is no perjury if false testimony be given
under it.". This is no doubt true.    If the indictment or
information fails to show upon its face that the oath was
administered by one having legal authority, it does not
state an offense and would be subject to demurrer.    1 Rus-
sell, Crimes, p. 297.    Under the statute of 23 George II,
c. 11, which statute section 422 of our criminal code fol-
lows in substance, it was necessary to aver that the court
or authority had full power to administer the oath.    By a
later act this averment was made unnecessary.    Speaking
of the earlier statute, in *Queen v. Dunning*, 1 L. R. C. C.
*290, it was said by the court for crown cases reserved:

"After that statute the question treated by the courts in every case was whether the indictment contained the averments mentioned in the statute or their equivalents. If it did, it was good without more." It would probably be better in all cases to follow the language of the code and aver specifically that the court or authority had full power to administer the oath, but on principle it would seem sufficient to allege the essential elements of the offense showing that the oath was taken in a judicial proceeding in a court of competent jurisdiction, and that after being sworn the witness wilfully gave false testimony in a matter which became and was material to the issues upon trial. It may be said, also, that the crime charged is that described in section 155 of the criminal code, and the information follows very closely the language of the statute. This is usually sufficient. Moreover, the information sets forth the court in which the oath was administered, the matter at issue on the hearing, the testimony which is said to be false, and the time and place where the criminal act is said to have been performed. Section 412 of the criminal code provides: "No indictment shall be deemed invalid, nor shall the trial, judgment, or other proceedings be stayed, arrested, or in any manner affected: * * * *Third* * * * nor for any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime or person charged, * * * nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." While we are of opinion that the information might better have been drawn with more particularity of averment, we think it is sufficient to charge an offense under the statute. But we are also of opinion that, there being no evidence produced to show that the alleged false testimony was material upon the issue as to whether or not the will produced was the last will and testament of Helen A. Horn, deceased, or to show that defendant had given any material testimony in the case as to which her credibility

might be assailed, the evidence does not sustain the verdict.

The judgment of the district court is therefore reversed and the cause remanded.

REVERSED.

REESE, C. J., having been of counsel below, did not sit, and took no part in this decision.