FAUNE M. CRAWFORD v. STATE OF NEBRASKA.

FILED NOVEMBER 10, 1927.  No. 25962.

*J. E. Willits,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before, GOSS, C. J., ROSE, DEAN, DAY, GOOD THOMPSON and EBERLY, JJ.

DAY, J.

Faune M. Crawford, hereinafter called defendant, was convicted of manslaughter in the district court for Adams county, for which he was adjudged to serve three years in the penitentiary and pay the costs of the prosecution. As plaintiff in error, defendant has brought the record of his conviction to this court for review.

It is undisputed that on the night of January 9, 1926, defendant, while driving a Ford automobile southward upon a public highway in Adams county, collided with another automobile being driven in the opposite direction by Lloyd Jackson, resulting in physical injuries to one Clarence Nelson, who was riding in defendant's car as an invited guest, from which injuries the said Clarence Nelson died. The information charged that the defendant, while driving an automobile upon a public highway in Adams county, in an unlawful, reckless, careless and negligent manner and being in a state of intoxication did cause the automobile which he was driving to collide with another automobile being lawfully driven on the highway by one Lloyd Jackson, thereby wounding and injuring one Clarence Nelson, from the effects of which the said Clarence Nelson died; that by reason of the facts aforesaid the said Faune M. Crawford unintentionally and while in the commission of said unlawful act did unlawfully and feloniously kill Clarence Nelson. To this information, defendant pleaded not guilty.

It is urged by the defendant that the court erred in overruling his motion in arrest of judgment. No attack was made by the defendant on the information by motion or otherwise until after the trial, when he filed a motion in

arrest of judgment. The motion, as applied to the situation then before the court, raised only the question as to whether the facts stated in the information constituted an offense. Section 10159, Comp. St. 1922, provides that a motion in arrest of judgment raises only the questions of the jurisdiction of the court and whether the facts stated in the information constitute an offense. As we view it, there can be no question of the court's jurisdiction or that the facts constitute an offense.

It is next urged by defendant that the court erred in overruling the motion for continuance. This motion was founded upon the theory that defendant could not obtain a fair and impartial trial before the regular panel of jurors because, the day previous, he had been convicted, before a jury drawn from the regular panel, of violating the liquor laws of the state. During the argument of the motion, the court announced that the grounds alleged were not sufficient to grant a continuance, but that in the impaneling of the jury the court would sustain an objection for cause to any juror who had served upon the former case or against whom there was other ground of challenge for cause.

In the impaneling of the jury, all of the jurors who had served on the former trial were excused for cause except juror Havens. After otherwise qualifying, it was developed that he had been a juror in the former trial, but both sides passed him for cause. Defendant having declined to excuse the juror for cause, especially in view of the statement made by the court, he is not in position to now claim that he did not have a fair and impartial jury. Especially is this true since all of the jurors qualified to hear and determine the case. Where a party fails to object to a juror whose *voir dire* examination discloses facts for which challenge for cause would be sustained, and fails to exercise such challenge, he will not after verdict be heard to complain. *Beckman v. Lincoln & N. W. R. Co.,* 85 Neb. 228; *Palmer v. People,* 4 Neb. 68; *Morgan v. State,* 51 Neb. 672.

It is also urged that the evidence was not sufficient to support a conviction. It appears that on January 9, 1926,

about 11 o'clock p. m., defendant was driving his car on the highway and collided with a car driven by Lloyd Jackson, injuring Nelson, from the effects of which he died. Several witnesses testify that as defendant was coming south his car zigzagged across the road and Jackson drove his car to the extreme right so that his right wheels were partially in the ditch, when, within 20 feet of Jackson's car, defendant drove his car directly against Jackson's car, the force of the impact turning defendant's car completely around and upside down, east of the center of the road. After the accident, defendant was seen to pour some liquid out of bottles and throw the bottles over a fence. Witnesses also testify that there was a strong odor of whiskey; that he was seen to stagger; and several testified that he was under the influence of liquor. One bottle was picked up about half filled with intoxicating liquor. In addition to this, defendant, while riding back to town with the doctor, who had been summoned, told the doctor that he had been drinking. The position of the cars, together with their tracks, as well as the testimony, seem to corroborate testimony that defendant was operating his car on the wrong side of the highway. The facts were sufficient for the jury to say that he was operating his car while in a state of intoxication or was driving it upon the wrong side of the highway, either of which would constitute an unlawful act and be the proximate cause of the injury and resultant death of Nelson.

Defendant complains that the court erred in permitting Dr. Calbreath to testify as to claimed admissions made by defendant on the way to town with respect to his having been drinking. The objection is made that the conversation was incompetent because given to the doctor while the relation of physician and patient existed. The testimony is clear, however, that defendant did not employ the doctor to look after his wounds until after they had arrived in town, so that at the time of the alleged conversation the relation of physician and patient did not exist. Besides, it is extremely doubtful whether the fact of his drinking would

aid the doctor in patching up a slight scratch on defendant's head. There is no merit in this contention.

It was insisted by defendant, upon oral argument, that the court erred in submitting the case under the provisions of section 9546, Comp. St. 1922, commonly known as the "Manslaughter Act." It is sufficient for the purpose of this case to state that manslaughter is the unintentional killing of another while the slayer is engaged in some unlawful act. It was the claim of the defendant that the offense, if any, arose out of and was governed by an act of the legislature known as the "Motor Vehicle Act," passed in 1919 and later amended. Comp. St. 1922, secs. 8364-8405. The violation of the manslaughter act is punishable by imprisonment from one to ten years. The punishment for the violation of the motor vehicle act, in case the accident results in seriously maiming or disfiguring a person or causing his death, is a fine of not less than $200 nor more than $500, or confinement in the penitentiary for not less than one nor more than ten years. Section 8391 of the motor vehicle act prohibits the driving of a car upon the highway while the driver is intoxicated, and section 8392 limits the speed not to exceed 35 miles an hour outside of a village, and not greater than is reasonable and proper, having regard for the traffic and use and condition of the road, and such as not to endanger the life or limb of any person, and contains other provisions not necessary to mention. The rule of the road, sections 2770 and 2777, Comp. St. 1922, requires persons to turn seasonably to the right of the center of the road. While the failure to observe the rule of the road is a misdemeanor and may be punishable as such, this provision is no part of the motor vehicle act. It was therefore proper for the county attorney to embody in the information any unlawful act on the part of the offender which was the proximate cause of death under the manslaughter act. In addition to charging the defendant with driving his automobile while intoxicated, he also charged that he was driving in an unlawful, careless and negligent manner. If the defendant was not sufficiently apprised as to

what was intended by the general term "unlawful, reckless, careless and negligent manner," he could have asked for more specific statement. With the information in this form, we think it was proper to show that defendant was driving upon the wrong side of the road, in addition to the evidence that he was intoxicated at the time.

Defendant further urges that the trial court in general terms gave erroneous and prejudicial instructions misdirecting the jury on the road law applicable to the use of automobiles, and failed to define in specific terms what evidential facts would constitute a criminal offense, if proved. There was convincing evidence that the law was violated by defendant in two respects and that the unlawful acts resulted in a fatal collision: One was driving an automobile while defendant was intoxicated, and the other was driving on the wrong side of the road where a driver going in the opposite direction could not avoid a collision. One of them, in effect, made it plain to the jury that the act of defendant in driving while intoxicated and, as a result, the killing of Nelson without fault or negligence on the part of others, if proved beyond doubt, would warrant a verdict of guilty. The other instruction, instead of containing in like form a charge in regard to the act of defendant in driving on the wrong side of the road, contained the expression, "driving an automobile on the public highway of Adams county, Nebraska, in an unlawful, reckless, careless and negligent manner, without due regard to the safety of others." Though these general terms should not have been used in the charge to the jury, they were broad enough to include the offense of driving on the wrong side of the road, to which evidence on this feature of the prosecution applied. The jury heard the evidence on this issue. Any person qualified to sit on a jury in this state knows by experience which is universal that the law requires the driver of a vehicle on a public highway to turn to the right when meeting another vehicle and that a failure to do so is unlawful. We do not think that an instruction in specific language instead of the language used would have resulted

in a different verdict or that defendant was prejudiced by the instruction given. The charge criticized by defendant seems to fall within the class of instructions covered by the statute condemning the reversal of a conviction on account of a nonprejudicial misdirection of the trial court to the jury. Comp. St. 1922, sec. 10186. Upon consideration of all the evidence and the instructions as a whole, reversible error has not been found.

AFFIRMED.