## WILLIAM BENTON V. STATE OF NEBRASKA.

### FILED MARCH 2, 1933. No. 28349.

*Morrow & Morrow,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Homer L. Kyle, contra.*

·Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

The plaintiff in error was convicted of manslaughter in that he negligently drove an automobile, while intoxicated, into the rear of a car on the highway, killing Zeigler, a passenger therein. Our general statute applicable is:

"Whoever shall unlawfully kill another without malice * * * while the slayer is in the commission of some unlawful act, shall be deemed guilty of manslaughter." Comp. St. 1929, sec. 28-403. The unlawful acts charged against plaintiff in error are: (a) At time of accident he was operating a motor vehicle upon the public highway, while intoxicated, in contravention of statute, Comp. St. 1929, sec. 39-1106; and (b) he was operating a motor vehicle upon the highway at a rate of speed greater than was reasonable and proper, having due regard for the traffic and use of the road. Comp. St. 1929, sec. 39-1102.

The evidence is sufficient to support a finding by the jury that the defendant was driving his car, at the time of the accident, at a greater speed than was reasonable and proper, having regard for traffic and use of said highway. The defendant and his companion at the time testified that they had been following for some distance about 30 yards behind the car in which the deceased

was riding; that they met a car coming in the opposite direction with bright lights, which momentarily blinded them, immediately after which they observed the car so close in front that they were unable to stop and collided with it, resulting in the tragedy. They also testified that the front car had no tail light and stopped on the road without warning. Where a defendant is negligent, the contributory negligence of the driver of the car in which deceased was riding, even if it were imputable to the deceased, is no defense in a criminal prosecution. *Thiede v. State,* 106 Neb. 48; *Schultz v. State,* 89 Neb. 34; *State v. Gray,* 180 N. Car. 697; 29 C. J. 1154.

The defendant was driving his car negligently at the time of the accident. He drove his car into the car ahead of him with such force that it was knocked off the road into the ditch. In *Roth v. Blomquist,* 117 Neb. 444, we held that, as a general rule, it is negligence for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within an area lighted by his lamps. There are certain exceptions to this general rule, or situations to which it does not apply—an unbarricaded, unknown, open, unlighted ditch across a highway which cannot be seen and cannot be anticipated (*Tutsch v. Omaha Structural Steel Works,* 110 Neb. 585); a negligently maintained highway which has unknown ditches or ruts which cannot be seen until close (*Cromwell v. Fillmore County,* 122 Neb. 114); corner of a platform with a narrow edge extending from a drag line over a streetcar track and not easily observable (*Day v. Metropolitan Utilities District,* 115 Neb. 711); and an obstruction in the road similar in color to the highway (*Frickel v. Lancaster County,* 115 Neb. 506).

There is evidence in the case at bar that the defendant was temporarily blinded by the glaring lights of a car approaching him from the opposite direction. Does this create a situation within the recognized exception to the rule in this state which exonerates the defendant from

negligence? Let us repeat the facts pertinent to this issue. The defendant knew the car in which deceased was riding was about 30 yards in front of him, therefore the fact that the tail light was unlighted was immaterial. The glaring headlights from another car could not deprive him of this knowledge. To drive into a car which he knew was on the road under such conditions was grossly negligent. The car in front and the car approaching from the opposite direction with glaring headlights and his own car created a situation which justified a jury in finding that the defendant was operating his car upon the highway at the time of the accident at a rate of speed greater than is reasonable or proper, having regard for the traffic and use of the road, and was in the commission of an unlawful act. There was also evidence of physical facts after accident, viz., skid marks on the road, and the fact that the car hit by defendant was hurled off the road into the nearby ditch. Such a finding is sufficient to support a conviction for manslaughter. *Schultz v. State,* 89 Neb. 34; *Crawford v. State,* 116 Neb. 125.

The defendant is also charged with the commission of another unlawful act at the time of the fatal accident in that he was operating a motor vehicle upon the highway while intoxicated. If true, it constitutes an unlawful act sufficient to sustain the verdict of conviction for manslaughter.

When one drives an automobile in violation of law pertaining to the operation of such vehicles on the public highway and in so doing, as a result of the violation of law, causes death to another is guilty of manslaughter. This rule applies to one driving while intoxicated. *State v. Kline,* 168 Minn. 263; *State v. Goldstone,* 144 Minn. 405; *Cannon v. State,* 91 Fla. 214; *McDaniel v. State,* 105 Tex. Cr. Rep. 468; *State v. Sandvig,* 141 Wash. 542; *State v. Budge,* 126 Me. 223, 53 A. L. R. 241; *People v. Collins,* 195 Cal. 325; *People v. Townsend,* 214 Mich. 267.

The reading of the record in this case forces us to the

conclusion that defendant's intoxication was one of the proximate causes of the accident and the resultant death of the unfortunate Mr. Zeigler. The evidence is amply sufficient to support a finding that the defendant was intoxicated. He and his companion testified that they had drunk some illicit beer shortly before the accident. Although they denied that it was sufficient to cause intoxication, other witnesses testified that defendant at the time and immediately after the accident was intoxicated.

The record of the county court was introduced in evidence for the purpose of proving that the defendant's license to drive had been revoked. The court in its instructions told the jury that such was the purpose of admitting the record. Thus limited, it does not amount to proof of another crime wholly independent of that for which the defendant was on trial. The licensure of drivers, under section 60-401, Comp. St. 1929, is in the interest of public safety, and when one drives in violation of this statute, it is evidence of negligence which may be considered by the jury. In *Conroy v. Mather,* 217 Mass. 91, it was held that it may be evidence of negligence in showing that the driver was incompetent to operate the vehicle, although the authorities generally permit a recovery by one who is injured whose motor vehicle is not licensed on the theory that the license does not contribute to the accident. However, since the purpose of this statute is to protect the public from negligent and incompetent drivers, the fact that the defendant was driving after having had his driver's license revoked may properly be considered as tending to prove his negligence. While it is clear that the failure to have a driver's license would not be such violation of law as would supply the place of criminal intent necessary to constitute manslaughter, yet in a case where the license has been revoked by judgment of a court and the driver is operating a motor vehicle notwithstanding, it is evidence of negligence proper to be considered by the jury with all the other evidence in the case.

The defendant and his witnesses by their testimony covered their entire activities for the evening. Testimony of a witness was introduced in rebuttal that shortly before the fatal accident the defendant had a minor accident, which he denied, with another car, after which he did not stop. Evidence which directly tends to disprove facts to which defendant has testified is admissible. *Heyen v. State,* 114 Neb. 783.

The defendant testified as to his age. The state cross-examined him in respect thereto by confronting him with his application for a driver's license, which tended to prove that he was a different age. This was proper cross-examination, and while of doubtful materiality to the issues was not prejudicial to defendant. But it was a matter concerning which defendant testified on direct examination.

A more serious question is presented by the argument of the prosecution to the jury in relation thereto. The attorney for the state argued to the jury that the false statement in the application was perjury. Of course it was not, since the defendant at the time was entitled to a license in any event and the discrepancy was not material to the matter involved. *Shevalier v. State,* 85 Neb. 366. This question was presented to the trial court by affidavit at the motion for new trial. From said affidavit it appears that the attorney for defendant objected to this line of argument; that there was a more or less unseemly argument between attorneys as to whether this constitutes perjury; that the court insisted that the argument cease and that the trial proceed. This argument should have been stopped by the trial court, as it seems to have been. No proper request for a specific instruction on this matter was made by defendant. *Martin v. State,* 67 Neb. 36. We are not persuaded that the defendant suffered any prejudice as a result of this alleged misconduct.

Furthermore, the error is not properly presented to this court. Objection to alleged misconduct of prosecutor

must be made at the time, and it is too late to make objection for the first time in motion for new trial. *Goldsberry v. State,* 92 Neb. 211; *State v. Geary,* 184 Minn. 387. It is the duty of counsel to make a record of the prejudicial remarks at the time and to properly request a specific instruction upon the question.

The judgment of the district court is

AFFIRMED.