FRANK VACA, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

34 N. W. 2d 873

Filed December 10, 1948. No. 32435.

*Clyde R. Worrall* and *H. A. Bryant,* for plaintiff in error.

*Walter R. Johnson,* Attorney General, and *Bert L. Overcash,* for defendant in error.

Heard before PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

An information filed in the district court for Saunders County charged that "on or about the 29th day of November, 1946, Frank Vaca, defendant, then and there being, in said county and state, did, then and there, one Elizabeth N. Knowles, then and there being, unlawfully and feloniously, kill and slay, contrary to the form of the

statutes in such cases made and provided and against the peace and dignity of the people of the state of Nebraska."

Upon arraignment, defendant pleaded not guilty, but after trial to a jury, he was found "guilty of manslaughter in the manner and form as he stands charged in the Information." His motion for new trial was overruled, and judgment was entered sentencing defendant to imprisonment "in the State Penitentiary at Lincoln, Nebraska, for the period of not less than two nor more than two and one-half years at hard labor, Sundays and holidays excepted; and he shall pay the costs of this prosecution * * *."

Thereafter, defendant prosecuted error to this court, assigning some 12 alleged errors, which may be briefly summarized as contending that: (1) The information was insufficient; (2) certain evidence was erroneously admitted over defendant's objections; (3) the evidence was insufficient to sustain the verdict and judgment; and (4) the trial court erred in giving instructions Nos. 2, 4, and 11, and the refusal to give defendant's preferred instruction No. B. We conclude that the assignments have no merit.

Section 28-403, R. S. 1943, insofar as applicable here, provides: "Whoever shall unlawfully kill another without malice, * * * unintentionally, while the slayer is in the commission of some unlawful act, shall be deemed guilty of manslaughter; and upon conviction thereof shall be imprisoned in the penitentiary not more than ten years nor less than one year."

In that connection, section 29-1512, R. S. 1943, provides: "In any indictment for manslaughter, it shall not be necessary to set forth the manner in which, or the means by which, the death was caused; but it shall be sufficient to charge that the defendant did unlawfully kill and, slay the deceased."

It will be observed that the information herein was drawn substantially in the words of the foregoing statute.

In Cowan v. State, 140 Neb. 837, 2 N. W. 2d 111, followed by Puckett v. State, 144 Neb. 876, 15 N. W. 2d 63, this court concluded that section 29-1512, R. S. 1943, which prescribes a short form information for charging the crime of manslaughter, was constitutional, and that an information drawn in the language of such statute was sufficient to properly charge the crime of manslaughter. To repeat the reasoning therein would serve no purpose. It is sufficient to say that the informations therein questioned were identical in all material respects with that at bar. We therefore conclude that the information against defendant met all of the requirements of a valid charge of manslaughter.

Recently, it was said in Anderson v. State, *ante* p. 116, 33 N. W. 2d 362: "The manslaughter statute, section 28-403, R. S. 1943, does not make the time and place of the death an essential element of the crime; and section 29-1512, R. S. 1943, says it is not necessary to set forth the manner or means by which the death was caused. If it informs the defendant of the charge against him, in order that he may plead the judgment as a bar to any subsequent prosecution for the same offense, it is sufficient. See Puckett v. State, 144 Neb. 876, 15 N. W. 2d 63; Benton v. State, 124 Neb. 485, 247 N. W. 21." Viewed in that light, and under the circumstances presented herein, the state was not required to either specifically charge in the information or thereafter elect, as moved and argued by defendant, upon what violation of law the prosecution was based or it sought to obtain a conviction.

In Severin v. State, 146 Neb. 506, 20 N. W. 2d 377, it was said: " 'This court, in a criminal action, will not interfere with a verdict of guilty, based upon conflicting evidence, unless it is so lacking in probative force that we can say, as a matter of law, that it is insufficient to support a finding of guilt beyond a reasonable doubt.' Williams v. State, 115 Neb. 277, 212 N. W. 606; Buckley v. State, 131 Neb. 752, 269 N. W. 892."

In the light thereof, we will briefly summarize the state's material evidence from which the jury could have concluded as follows: Defendant was on November 29, 1946, an operator, within the meaning of section 60-501 (7), R. S. Supp., 1945, of a grain truck and trailer, loaded with 26,000 pounds of shelled corn, over highway No. 30A toward the east, while he was intoxicated, in violation of section 39-727, R. S. 1943. Sometime during the early morning hours he stopped and parked the truck, in violation of section 39-757, R. S. 1943, wholly upon the right, main-traveled portion of the level pavement, just south of the center thereof, at a point two and one-half to three miles west of Wahoo, in Saunders County, Nebraska, where there was plenty of room and it was practical to have parked it on the shoulder of the highway. Although it was still dark at about 6:30 a. m., the truck had been so parked by defendant for sometime without any lighted front or rear lamps thereon, in violation of section 39-778, R. S. 1943, and without any lighted burning flares placed either at the side or to the front or rear of such vehicle, in violation of section 39-7,118, R. S. 1943. While defendant's truck was so unlawfully parked, at or about 6:30 a. m., a Buick sedan coming from the west at more than 40 miles an hour, crashed into and under the left rear of the truck, almost instantly killing both the driver thereof, Major Knowles, and Elizabeth N. Knowles, his wife, who was riding with him. They were both found dead, in the almost totally wrecked car, within a few moments after the accident. Defendant himself did not testify, and there was little if any direct evidence in contradiction of the foregoing.

The body of Major Knowles was readily removed from the car. However, his wife's body was, without dispute, so crushed, wedged, and lodged in the wreckage, between the front seat and dashboard or front of the car, that it was not possible to remove her body except by mechanical means, which took some two hours of

labor, after which it was removed to a mortuary some-time just before 10 a. m. Photographs of the highway, the truck, and the car, taken soon after the accident, appear in the record. One photograph of the car was taken before Elizabeth N. Knowles' body was finally extricated therefrom.

Without doubt, the accident was the proximate cause of her death, and we conclude that there was ample evidence from which the jury could have found, beyond a reasonable doubt, that, but for the unlawful operation of the truck by defendant, there would have been no accident, and that defendant's unlawful acts proximately caused her death.

Defendant complained that over objection the funeral director was permitted to testify in substance, without appropriate foundation, that the condition of Elizabeth N. Knowles' body, when brought into his establishment, indicated that she had been dead three or four hours. True, the foundation for the answer was not as complete as ordinarily required, but, as heretofore observed, the truth of his answer was conclusively supported by undisputed competent evidence otherwise adduced, without objection, and its admission could not have been prejudicial to defendant. Hickman v. Layne, 47 Neb. 177, 66 N. W. 298. Without dispute, she was dead a few moments after the accident, and, in any event, the primary and material question was whether or not her death was proximately caused by unlawful acts of defendant.

Exhibit No. 1, offered by the state, and received in evidence over defendant's objection, was a photograph of portions of the body of deceased, identifying her, and indicating the location, nature, and extent of her fatal wounds and injuries received in the accident, particularly upon her head, right arm, and thigh. Defendant complained of its admission upon the ground that it was introduced "merely for the purpose of arousing the pas-

sion and prejudices of the jury and serves in no way to prove any issue in this case."

With regard thereto, in King v. State, 108 Neb. 428, 187 N. W. 934, this court approved a statement appearing in 16 C. J., Criminal Law § 1528, p. 744, to the effect that: " 'A photograph proved to be a true representation of the person, place, or thing which it purports to represent is competent evidence of anything, of which it is competent and relevant for a witness to give a verbal description.' " See, also, 23 C. J. S., Criminal Law, § 852, p. 51. Similar photographs were involved in that case. In the opinion it was said: "But, so far as the objection may apply to the facts before us, it must be borne in mind that, defendant having pleaded 'not guilty,' every issue in the case was thereby controverted and it was then incumbent on the state to introduce the best evidence within its power to controvert the plea and prove defendant's guilt. The state did nothing more than that. The pictures are not inflammatory. They are mere silent witnesses which show at a glance the location of the wounds. People v. Elmore, 167 Cal. 205; Franklin v. State, 69 Ga. 36; People v. Lee Nam Chin, 166 Cal. 570." That statement has similar application here.

Likewise, in MacAvoy v. State, 144 Neb. 827, 15 N. W. 2d 45, certiorari denied in 323 U. S. 804, 65 S. Ct. 559, 89 L. Ed. 642, it was said: "Where a photograph illustrates or makes clear some controverted issue in the case, a proper foundation having otherwise been laid for its reception in evidence, it may properly be received, even though it may present a gruesome spectacle. Blazka v. State, 105 Neb. 13, 178 N. W. 832; Bassinger v. State, 142 Neb. 93, 5 N. W. 2d 222."

As stated also in 23 C. J. S., Criminal Law, § 852, p. 54: "Photographs of a person deceased or of a body have been held admissible for purposes of identification, or to show the condition of a victim's body, or to indicate the nature or extent of wounds or injuries."

In the light of the foregoing rules and the record

before us, we conclude that defendant's contention has no merit. In doing so, we are not unmindful of Lee v. State, 147 Neb. 333, 23 N. W. 2d 316, relied upon by defendant, wherein it was held: "When pictures have no tendency to establish the guilt or innocence of the accused and are effective only to inflame the passions of the jury, they should not be received in evidence." However, a mere reading of the opinion discloses that Lee v. State, *supra,* is clearly distinguishable from the case at bar both upon the facts and the law heretofore set forth.

In Puckett v. State, *supra,* it was held that: " 'When one drives an automobile in violation of law pertaining to the operation of such vehicles on the public highway and in so doing, as a result of the violation of law causes death to another, he is guilty of manslaughter.' See, also, Schultz v. State, 89 Neb. 34, 130 N. W. 972; Crawford v. State, 116 Neb. 125, 216 N. W. 294; Cowan v. State, *supra;* Annotation, 30 A. L. R. 66." See, also, Benton v. State, 124 Neb. 485, 247 N. W. 21.

It is also well established that where a person drives a motor vehicle upon the public highways in violation of law and thereby causes death to another, contributory negligence of the deceased or the driver of the car in which deceased was riding when killed, cannot be invoked to relieve the former of criminal responsibility. Schultz v. State, 89 Neb. 34, 130 N. W. 972, 33 L. R. A. N. S. 403, Ann Cas. 1912C 495; Benton v. State, *supra.*

Instruction No. 11, given by the trial court, clearly and correctly stated and applied the rule just heretofore stated, but instruction No. B, proffered by defendant and refused by the trial court, did not. Therefore, the trial court did not err in giving instruction No. 11 or in refusing to give defendant's proffered instruction No. B.

At this point, also, it should be said that instruction No. 2, given by the trial court, correctly set forth the material elements which the state was required to prove beyond a reasonable doubt before defendant could be

found guilty of the crime charged. Thereafter, instruction No. 4, given by the trial court, simply set forth clearly, correctly, and at length the applicable provisions of the statutes which defendant was required to observe as operator of the truck, and it appears that there was competent evidence in the record to sustain a finding that defendant had violated each and all of them. A fortiori, no error prejudicial to defendant resulted from the giving of instructions Nos. 2 and 4.

We find no error in the record prejudicial to defendant. Therefore, the judgment of the district court should be and hereby is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.