STATE OF NEBRASKA EX REL. FRANCIS LOTTMAN, AND FRANCIS LOTTMAN, IN HIS OWN RIGHT, APPELLEE, v. BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 103 (DILLER COMMUNITY SCHOOLS) ET AL., APPELLANTS.

268 N. W. 2d 435

Filed July 26, 1978. No. 41605.

Koenig & Murray, for appellants.

Wood, Wolfe & Hurd, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from a writ of mandamus issued by the District Court requiring the appellant, Board of Education of School District No. 103, hereinafter referred to as Board of Education, to hold a recall election pursuant to the provisions of section 79-518.04, R. R. S. 1943.

Section 79-518.04, R. R. S. 1943, states: "Any member of a school board or board of education of a Class II, III, or VI school district may be subject to recall for habitual or willful neglect of duty, gross partiality, oppression, extortion, corruption, willful maladministration in office, conviction of a felony, or habitual drunkenness. The procedure to accomplish the removal by recall of any incumbent of such office shall be initiated by the filing of a petition signed by the registered voters of the district equal in number to at least twenty-five per cent of the total number of votes cast for the board member receiving the highest number of votes at the preceding school election."

The relator-appellee is a registered voter in School District No. 103 in Jefferson County, Nebraska, a Class II school district. In May 1977, the relator and other registered voters of the district circulated petitions seeking the recall of the appellants, members of the Board of Education. The form and language of the petitions to recall each of the appellant board members are identical. The petitions for recall stated "willful neglect of duty and willful maladministration in office" by the named members of the Board of Education.

The petitions to recall were filed with the county clerk of Jefferson County who certified that the petitions contained the requisite number of signatures required by section 79-518.04, R. R. S. 1943. The pe-

titions were forwarded to the Board of Education. The Board of Education scheduled a special recall election for July 14, 1977, and published notice, but before that date, the Board of Education rescinded the call for the special election. The resolution stated that the recall petitions circulated were legally insufficient to compel the Board of Education to schedule a recall election.

The appellee filed an action in District Court for a peremptory writ of mandamus. The court granted an alternative writ of mandamus. At the show cause hearing, the appellee called several residents who had signed the petitions. They were questioned about the circumstances of their signing of the petitions, their reasons, and their understanding of the words "willful neglect of duty and willful maladministration in office." The appellants contend that the terms "willful neglect of duty and willful maladministration in office" are too broad and that the petitions must contain more specific grounds to be statutorily sufficient to compel a recall election. The District Court issued a writ of mandamus ordering the recall election to be held. The appellants appeal from that order. We affirm.

The single issue to be resolved is whether the recall petitions sufficiently stated the reason for removal of the appellants, board of education members, under the provisions of section 79-518.04, R. R. S. 1943. This section provides that: "The petition shall name the incumbent and the reason for removal and the candidate proposed for election to succeed him * * *." The reasons stated in the petitions in issue, "willful neglect of duty" and "willful maladministration in office," are grounds set out in section 79-518.04, R. R. S. 1943. We hold that a petition to recall school board members which states as a reason for removal one of the grounds listed in section 79-518.04, R. R. S. 1943, is statutorily sufficient to compel a recall election.

Prior to the enactment of section 79-518.04, R. R. S. 1943, in 1973, no grounds were expressly listed in the recall statute. The predecessor statute to section 79-518.04, R. R. S. 1943, was section 79-705, R. S. Supp., 1972, which provided that members of the board of education of a Class II school district could be removed under the provisions of sections 23-2010 and 23-2011, R. R. S. 1943. Section 23-2010, R. R. S. 1943, as it then existed, provided that a petition for recall must contain "a general statement of the grounds upon which the removal is sought."

A case decided under the recall statute, Comp. St. 1911, c. 14a, art. III, § 36, State ex rel. Topping v. Houston, 94 Neb. 445, 143 N. W. 796, clearly limited the role of judicial involvement in determining issues relating to political processes. State ex rel. Topping v. Houston, *supra*, was an action for a writ of mandamus to require a recall election for the mayor of Nebraska City. At issue was whether the petition stated sufficient grounds upon which removal could be sought. The grounds stated in the petition were: " 'Said Houston, in attempting to discharge the duties and trusts of said office, is grossly extravagant with the public funds of said city; manifestly partial, prejudicial and malevolent in exercising the prerogatives of said office; and because of his nonfeasance and malexecution of the duties of said office; and because of his obvious incompatibility of temperament to discharge the duties of said office economically and to the best interest of the citizens and taxpayers of said city of Nebraska City.' "

The court there held the grounds listed on the petition were a sufficient general statement to satisfy the statutory requirement relating thereto. We believe the language used by this court in Houston is particularly relevant to the present case. The court stated: "The policy of the recall may be wise or it may be vicious in its results. We express no opinion

as to its wisdom with respect to the removal of administrative officers. If the people of the state find, after a trial of the experiment, that the provisions of the statute lead to capable officials being vexed with petitions for their recall, based upon mere insinuations or upon frivolous grounds, or because they are performing their duty and enforcing the law, as they are bound to do by their oath of office, or lead without good and sufficient reason to frequent, costly, and unnecessary elections, they have the power through their legislature to amend the statute so as to protect honest and courageous officials. This may be done by increasing the number of names required to be signed to the election petition or by requiring specific charges of misconduct to be made therein, * * * ''

The Legislature has changed the statute on recall elections to include a list of grounds for which a member of a school board may be subject to such an election. State ex rel. Topping v. Houston, *supra*, held that the power granted to electors to remove certain public officers is political in its nature and not the exercise of a judicial function. The exercise of the power of recall is legislative in character. The Legislature has spoken, by incorporation into the statute of a list of grounds for which an elected official may be subject to recall. It is not the function of the courts to impose standards other than those the Legislature dictated. A criminal complaint drawn in the language of the statute is sufficient to properly charge the crime. See, Vaca v. State, 150 Neb. 516, 34 N. W. 2d 873; Puckett v. State, 144 Neb. 876, 15 N. W. 2d 63. A petition for recall cannot be held to require more specificity than a criminal complaint.

We note that the allowance of certain testimony at the show cause hearing was adverse to the principle that the power of recall is political in nature. Persons signing the petitions testified as to the circum-

stances under which they signed the petition and their reasons for doing so: In the absence of any application to remove names, a court should not permit inquiry to be made concerning the degree of understanding and comprehension of a political issue. The reasons why a voter signs a petition or casts his ballot in a certain way are his own and not ordinarily a subject for judicial inquiry.

The petition was statutorily sufficient to compel a recall election. On the Board of Education's refusal to hold such an election, it was proper for the District Court to issue the writ.

AFFIRMED.