WALTER W. PARKER V. STATE OF NEBRASKA.

FILED FEBRUARY 17, 1903.   No. 12,972:

1. Witnesses: JURY: PROBATIVE VALUE OF TESTIMONY. The credibility of witnesses and the probative value of their testimony, are matters which it is the peculiar function of the jury to determine.

2. Verdict: CONFLICTING EVIDENCE. A verdict based upon substantially conflicting evidence will not be set aside by this court.

3. Appeal for Conviction by Advocate. An appeal for conviction based altogether upon the evidence, however fervent it may be, is not an abuse of the privilege of advocacy.

Syllabus by court; catch-words by editor.

4. ———: OBJECTION: WAIVER. Ordinarily a party who did not promptly object to an argument alleged as misconduct will be held to have waived his right to complain.

5. Misconduct of Counsel: NEW TRIAL. But where the misconduct of counsel is so flagrant, and of such a character that neither a complete retraction nor any admonition or rebuke from the court can entirely destroy its sinister influence, a new trial should be awarded, regardless of the want of an objection and exception. *Chicago, B. & Q. R. Co. v. Kellogg*, 55 Nebr., 748.

6. Shooting With Intent to Kill: INFERIOR MARKSMANSHIP. A person who has been found guilty of shooting with intent to kill, can not found a valid claim to judicial leniency upon his inferior marksmanship.

ERROR from the district court for Boyd county. Indictment for shooting with intent to kill. Tried below before HARRINGTON, J. Conviction. Sentence to penitentiary for a term of ten years. *Affirmed. Held that the imposition of half the maximum penalty was not an abuse of discretion.*

*Willis G. Sears* and *W. T. Wills,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* for the state.

SULLIVAN, C. J.

Section 16 of the Criminal Code is as follows: "If any person shall maliciously shoot, stab, cut, or shoot at any other person, with intent to kill, wound, or maim such person, every person so offending shall be imprisoned in the penitentiary not more than twenty years nor less than one year." Upon an information charging a violation of this section the defendant, Parker, was tried, found guilty, and sentenced to imprisonment in the penitentiary for a term of ten years.

The grounds upon which he claims a reversal of the judgment are (1) that the evidence is insufficient to sustain the verdict; (2) misconduct of the county attorney in addressing the jury; and (3) that the sentence is excessive.

The defendant quarreled with his father-in-law, Peter Hansen, and intentionally shot him, at a livery stable in the village of Spencer, in Boyd county. This is conceded, but whether the shooting was malicious or done as a measure of necessary self-defense, is a point upon which the evidence is in irreconcilable conflict. The credibility of the witnesses and the probative value of their testimony were matters which it was the peculiar function of the jury to determine, and we see no reason for interfering with their determination or to seriously doubt its correctness.

The alleged misconduct of the prosecuting attorney consisted of an appeal for conviction in which the duty of the jury to the state, to society in general, and particularly to the people of Boyd county, was pointed out in forcible and impressive language. It seems probable from affidavits filed by some of the jurors that counsel based his claim for conviction altogether upon the evidence, and that he did not at all exceed the limits of legitimate discussion. But, in any view of the matter, it is certain that he committed no such serious fault as to make it the duty of the court to set aside the verdict. No objection was interposed by counsel for defendant at the time the remarks were made, and they were therefore neither approved nor condemned by the trial court. This being so, the following extract from the opinion in *Chicago, B. & Q. R. Co. v. Kellogg*, 55 Nebr., 748, is pertinent: "In this case there was no formal objection, and consequently no ruling, or contumacious refusal to rule, which we are authorized to review. Had the court, in response to a proper objection, vigorously condemned the remarks of counsel, we think they would have left no prejudicial impression on the minds of the jury. By prompt action the defendant's counsel might have obtained an effective antidote for the poison in Shafer's speech; but he failed to act, and is, therefore, not in an attitude to have his complaint now considered. We do not, however, wish to be understood as holding that a rebuke from the court, or even a complete

Parker v. State.

retraction by the offending counsel, is in all cases of this kind a sovereign remedy. If the transgression be flagrant —if the offensive remark has stricken deep, and is of such a character that neither rebuke nor retraction can entirely destroy its sinister influence—a new trial should be promptly awarded, regardless of the want of an objection and exception."

In our opinion, the sentence imposed is not excessive. If the defendant's aim had not been faulty he might have been sentenced to hang. A claim to leniency based on inferior marksmanship is not a very meritorious or persuasive claim. The district court had a large discretionary power, and we can not regard a sentence imposing half the maximum penalty as an abuse of discretion.

The judgment is

AFFIRMED.

NOTE.—*Felonious Assault—Assault With Firearms—Malice, et cœtera.* —Section 16 of our Criminal Code corresponds to the 13th section of chapter 3, Ohio Penal Code (Wilson, Criminal Code (1878), pp. 36, 38*); while our section 14 corresponds to the same number of the Ohio Code. It was held in Ohio, in 1853 (twenty years before we adopted the Ohio statute), that, if the assault was committed by shooting, shooting at, cutting or stabbing, then section 14 does not apply, but rather section 24 of the Crimes Act (section 16 of our Criminal Code); opinion by Thurman, J., *Smith v. State,* 1 Warden, n. s. [Ohio], 5, 11. Some would pronounce the foregoing in the *Smith Case* a mere *dictum.* But if it is not, does the interpretation of the supreme court of Ohio bind the courts of this state? If so, to what extent? See preliminary list of cases overruled, in this volume (pp. —), and in volumes 62 to 66.

There can be a rightful conviction on a charge of malicious cutting, stabbing or shooting with intent to wound, under such circumstances that, had death insued, the crime would not have been murder either in the first or second degree, but would have been manslaughter only. On the trial of such a charge, it is not error for the court to refuse to charge the jury that they can not rightfully convict, save for assault or assault and battery, if they find the facts to be such that, had death ensued from the wound, the crime would have been manslaughter; nor is it error for the court to charge the converse of the proposition requested to be charged. *Nichols v. State,* 8 Ohio St., 435.

Where, on the trial of an indictment for malicious shooting with

* On the latter page it reads *eighteenth* section, but this is a patent misprint.—W. F. B.

intent to kill, the jury returned for their verdict that they "find the defendant guilty of shooting with intent to kill in a fit of passion and excitement, but without malice," it is not error for the court to refuse to receive such verdict, and to require the jury to further consider the case. *Heller v. State,* 23 Ohio St., 582.

The first count in the indictment charged the defendant with the offense of maliciously stabbing with intent to kill, under section 24 of the Crimes Act. The second count charged the offense of maliciously cutting with intent to wound, under the same section. The third count charged the offense of unlawfully and purposely cutting with intent to maim and disfigure, under section 23 of the Crimes Act—section 15 of Nebraska Criminal Code. The jury returned the following verdict:

The jurors in this case find the defendant guilty of cutting with intent to wound.                                GEO. WRIGHT, *Foreman.*

The court held the verdict insufficient to sustain a judgment of conviction; and said:

We think this verdict did not respond to the whole charge as made in this count, but omitted to find the essential ingredient of malice. This finding is not equivalent to a verdict of guilty, as charged in the second count. If the verdict had been *guilty,* and nothing more, or *guilty under the second count,* it would support the judgment. In such form it would be taken to mean *guilty as charged.* But in the form before us, the guilt of the defendant is limited, in terms, to the mere fact *of cutting with intent to wound.* On the trial, the fact of *cutting with intent to wound* was not controverted, but was sought to be justified on the ground that it was done in self-defense. Upon the face of this verdict, when strictly construed (and we are bound to construe it strictly), the existence of this ground of defense is not ignored. *Riflemaker v. State,* 25 Ohio St., 395, 398.

In a prosecution for maliciously shooting with intent to wound or kill, it is error to charge that the defendant should be found guilty of such felony, if he might properly have been convicted of manslaughter had death resulted from the shooting. To convict of the crime of maliciously shooting with intent to wound or kill, it is necessary to show malice and an intent to kill or wound. *Cline v. State,* 43 Ohio St., 332.

On an indictment for maliciously cutting with intent to kill, the prisoner can not be convicted of maliciously cutting with intent to wound. *Barber v. State,* 39 Ohio St., 660.

Criminal intent may properly be asserted of an injury by malicious shooting, cutting or stabbing in either of the following cases:

1. Where the person shot, cut or stabbed is the real object of the perpetrator's malice; in which case the deed falls within the plain letter of the statute.

2. Where a shot discharged or a blow struck at one injured another, who is at the time known to be in such position or proximity

that his injury may be reasonably apprehended as a probable consequence of the act; in which case the law does not permit such reckless disregard of, and indifference to, results to pass with impunity, but will hold the intent to have embraced the victim; and the principle is the same whether one or many are imperiled.

3. Where one is purposely shot, cut or stabbed, under the mistaken supposition that he is a different person; in which the immediate objective intention of the perpetrator is to hit the person at whom his shot or blow is directed, while his subjective intention, which impels the deed, is to injure another against whom his malice is inflamed. *Callahan v. State*, 21 Ohio St., 306, 309.

In the trial of an indictment for shooting or shooting at another with intent to wound or kill, the gun must be loaded with material calculated to produce death or injury; and the distance must be sufficiently short to accomplish that result; and there is no presumption that the gun is so loaded, without proof, either direct or circumstantial. *Henry v. State*, 18 Ohio, 32; *Fastbinder v. State*, 42 Ohio St., 341.

In the trial of an indictment under the Ohio statute which corresponds to section 16* of the Criminal Code of Nebraska, the defendant may be convicted of an assault. *Mitchell v. State*, 42 Ohio St., 383.

*Maiming.*—Where one shot another in the trunk of the body, and the result was to produce paralysis of a leg, causing a permanent disability to that member, a verdict of guilty of shooting with intent to maim is supported by sufficient evidence. The accused might fairly be presumed to have intended the actual and natural result of his unlawful act. *Ridenour v. State*, 38 Ohio St., 272.

An indictment for shooting with intent to maim, is not defective for want of an averment as to which member or members of the body the accused intended to injure or disable. If in the words of the statute it is sufficient. *Ridenour v. State*, 38 Ohio St., 272.—W. F. B.