Nash v. State.

FRANCIS E. NASH ET AL. V. STATE OF NEBRASKA.

FILED JULY 13, 1923. No. 23260.

1. **Indictment and Information:** DUPLICITY. An information charging defendants with unlawful possession of a still for the manufacture of intoxicating liquors and unlawful possession of other equipment for the manufacture of intoxicating liquors, and also unlawful possession of 30 gallons of mash being used in the manufacture of intoxicating liquors, sets forth only one offense, and should not be quashed for duplicity. The act made criminal by law is the unlawful possession of equipment or material for the manufacture of intoxicating liquors.

2. **Jury:** CHALLENGES: WAIVER. When the defendants, being tried together, do not demand the full number of challenges allowed under the statutes, they will be held to have waived their rights thereto.

3. **Criminal Law:** SEPARATE TRIALS. The statute only grants the right of separate trial to persons charged with a felony, not to those jointly charged with a misdemeanor, and defendants' motion for separate trials was properly overruled.

4. **Evidence:** SUFFICIENCY. The court properly submitted the case to the jury upon the evidence and instructions, and an examination of the record shows that there was sufficient evidence to justify and sustain the verdict.

ERROR to the district court for Adams county: LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*J. E. Willits,* for plaintiffs in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before Morrissey, C. J., Letton, Rose and Dean, JJ., Colby and Redick, District Judges.

· Colby, District Judge.

This is a criminal action brought by proceedings in error to this court by the defendants Francis E. Nash and Ernie C. Noble, who were prosecuted in the district court for Adams county for having unlawfully in their possession a still ·and other equipment for the manufacture of intoxicating liquors, and also for unlawfully having in their possession about 30 gallons of mash being used in the process of manufacturing intoxicating liquors.

The defendants were tried jointly, convicted by a jury, and each defendant sentenced to pay a fine of $500 and to serve 30 days in the Adams county jail, and taxed with the costs of the prosecution.

The defendants filed a motion in the ·district court to quash the information, in the following language: "The defendants and each of them severally move the court to quash the information filed herein, for the reason that more than one offense is sought to be charged in a single count thereof, and the same is contrary to law." This motion was overruled by the district court and is the first assignment of errors of which complaint is made.

The charging part of the information upon which the defendants were tried is as follows: "That Francis E. Nash and Ernie C. Noble, late of the county aforesaid, on the 6th day of April, A. D. 1922, in the county of Adams, and state of Nebraska aforesaid, did unlawfully have in their possession a still and other equipment for the manufacture of intoxicating liquors, and did also unlawfully have in their possession about 30 gallons of mash being used in the process of manufacturing intoxicating liquors, all contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska."

The language of the information as to the statement of the offense follows very closely that of the statute,

which, in section 3252, Comp. St. 1922, contains a statement of the offense and the definition of the possession which is made unlawful.   In this section it is declared to be unlawful for any person to "maintain or have possession of any still, or equipment for the manufacture of alcohol or whiskey or of any mash or intoxicating liquor in any stage of manufacture."   This section also contains the further provision that any person "who shall have possession of any still or any part thereof or of any other equipment for making intoxicating liquor or who shall have in his possession any mash or other material being used in the process of manufacturing intoxicating liquor, * * * shall, upon conviction, be fined," etc.

It is contended by counsel for defendants that the information contains more than one offense; that the unlawful possession of a still is an offense, that equipment for the manufacture of intoxicating liquor is an offense, and that the unlawful possession of the 30 gallons of mash being used in the process of manufacturing intoxicating liquors is also an offense under the statute, and that all three offenses are charged in the one count in the information, and that these three distinct offenses should each be charged in a separate count.

We are referred to section 3278, Comp. St. 1922, covering the practice under the intoxicating liquors act, which provides that "separate offenses may be set out in separate courts, and any and all offenses hereunder may be joined in the same indictment, information," etc., and that "the accused may be prosecuted and convicted upon all or any of said counts so joined, the same as upon separate indictments, information," etc.

The question is whether the information charges more than one offense, whether the unlawful possession of a still, or the unlawful possession of other equipment or the unlawful possession of the 30 gallons of mash being used in the manufacture of intoxicating liquors are to be considered as separate and distinct crimes, and are re-

quired to be stated in separate counts of the information.

We are convinced that the unlawful ownership, maintenance and possession prohibited and made criminal define and state but one criminal offense. There are two acts made unlawful by this clause. The first is that it shall be unlawful for any person to manufacture any intoxicating liquors, and this is a distinct separate offense, and the second, which is the charge set out in the information, is that it shall be unlawful to own, maintain or have possession of any still or equipment for the manufacture of intoxicating liquor or any mash or intoxicating liquor in any stage of manufacture.

The information in this case charges the defendants with the unlawful possession of a still and of other equipment for, and of 30 gallons of mash being used in, the manufacture of intoxicating liquor. This unlawful possession plainly embraces only one criminal offense and makes the unlawful possession of any still or other equipment and of any mash, etc., the criminal act for which a remedy is intended. It is the unlawful possession of certain things and material which are being used in the manufacture of intoxicating liquor that is the crime. Section 3278, Comp. St. 1922, providing that separate offenses may be set out in separate counts and joined in the same information, is applicable only to distinct, separate offenses, and cannot be considered as authority for the dividing up of one offense and placing each in a separate count. This would place an unreasonable duty upon the county attorney and might work a serious injustice to the defendant.

Plainly the intention of the statute is to make a criminal offense of the unlawful possession of certain equipment and material used for the manufacture of intoxicating liquors, and the change in the stating of the crime in the information from the use of the disjunctive "or" in the statute to the conjunctive "and" in the information is the proper way to allege the offense as to

the unlawful possession of equipment or material used or intended for the manufacture of intoxicating liquors, and it is for the state, upon the trial, to prove beyond a reasonable doubt the existence of the possession of one or more of the things charged to be in the unlawful possession of defendants; by so doing, the defendants are only obliged to meet the one crime contemplated and defined by the law, and, if convicted, can only be punished for the one offense.

The principle is recognized in 1 Bishop, Criminal Procedure (3d. ed.) sec. 436, in which the learned writer uses the following language: "It is common for a statute to declare that, if a person does this, or this, he shall be punished in a way pointed out. Now, if, in a single transaction, he does all the things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore an indictment upon a statute of this kind may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has or, and it will not be double, and it will be established at the trial by proof of any one of them. Thus, where the allegation was that the defendant sold spirituous liquors, to wit, rum, brandy, whisky, and gin, in less quantities than one quart, without license, the court overruled the objection that four offenses were thereby charged in one count, saying: 'The selling of any of the liquors named would be an offense; but there is no more reason why an offender should be indicted separately for each, than there would be to charge a thief, who had stolen a suit of clothes, in separate counts for the coat, waistcoat, etc.' "

The same general principal has been held by this court in *State v. Leekins,* 81 Neb. 280; *Union P. R. Co. v. State,* 88 Neb. 547; *Lawhead v. State,* 46 Neb. 607.

The action of the district court in overruling defendants' motion to quash the information on the ground

Nash v. State.

that more than one offense was charged therein was correct.

The next error urged by counsel for defendants is the overruling of the demurrer to the information interposed, the grounds of which were that an offense was not charged. This contention seems without merit, as the information sets forth all the essential elements of the crime and all the averments required by law.

The next objection urged is the overruling of the plea in abatement and bar on the ground that the act enacted as an amendment to the intoxicating liquors law of Nebraska is unlawful for infringing upon the constitutional rights of the defendants and depriving them of certain inalienable rights, among which are life, liberty and the pursuit of happiness. There is no merit in this assignment of error, as this court has held in *Badberg v. State*, 108 Neb. 816, that the law is constitutional.

The next assignment of error is in overruling defendants' motion for separate trials. Section 10130, Comp. St. 1922, grants the right to defendants of separate trials only in cases of felony. The offense charged in the information is a misdemeanor, to which the statute referred to does not apply.

The next assignment of error is in regard to the court's rulings on the admission or exclusion of evidence offered on the trial. An examination of each ruling convinces us that nearly all of them were made by the court in the interests of defendants and for their protection, and that no prejudicial errors were committed.

A further objection is made that the jury were not properly selected, and that the defendants were allowed only three peremptory challenges, and our attention is called to section 10136, Comp. St. 1922, which provides: "If two or more persons be put on trial at the same time, each must be allowed his separate peremptory challenge, and in such cases the attorney prosecuting on behalf of the state shall be allowed such peremptory challenges for each of such defendants as are allowed by

law." The record shows that the jury were duly impaneled and sworn, and, nothing appearing to the contrary, the presumption is that the jury were properly anl lawfully selected. This assignment of error is not raised specifically in the motion for new trial, and the transcript fails to disclose any objection by defendants, or either of them, arising because of the mode of selection or sufficiency of the jury. No objection was made to the allowance of peremptory challenges until after the trial and verdict and upon the hearing of the motion for new trial. In a misdemeanor case of this kind the defendants can waive a jury or any or all peremptory challenges. The jury was not waived, but the defendants requested no more than three peremptory challenges; they made no demand under the statute for the allowance to each of his three separate challenges, and this right must be considered as waived. 16 R. C. L. 219, sec. 36, 244, sec. 61, 253, sec. 71; *Gravely v. State*, 45 Neb. 878; *Morgan v. State*, 51 Neb. 672. The fact appearing in the record that no exceptions were taken to the jury by the defendants indicates that it was a fair and impartial jury, such as the Constitution guarantees to a party. The defendants were tried by a jury to which they took no exceptions, and this in itself should constitute a waiver of further peremptory challenges.

We find no error in any of the instructions given by the court. Each and all of them seem to be proper and to correctly state the law; they cover the different phases of the case and carefully preserve the rights of the defendants. There seems to be no merit in any of the objections raised by the defendants to the instructions given. There appears to be no error in the proceedings of the lower court which amounts to a deprivation of the constitutional rights of the defendants, or of rights which were not and could not be waived, and there has been no substantial miscarriage of justice. *Porter v. State*, 107 Neb. 690.

The sole remaining assignment of error is that the ver-

dict of the jury is not sustained by the evidence and is contrary to law, that such evidence merely raises a suspicion or conjecture of guilt and is not sufficient to support a conviction. Without going into the evidence fully, it appears conclusively that one of the exhibits found in the possession and on the place of the defendants constituted a still; that the equipment and material found upon the premises were sufficient to justify the jury in its belief that the still was upon the premises with the knowledge of both defendants and was there for the purpose of manufacturing intoxicating liquor. The fact that the still was concealed might be considered as evidence by the jury in reaching their conclusion as to the intent of defendants and the purpose for which the still was kept on the premises, and it hardly seems possible that the defendant Noble, without any instructions from defendant Nash, would change the feed of the hogs and upon his own initiative fix up a mixture of mash to be fed to the animals. The jug with the "hootch" smell was also a fact which the jury were entitled to consider.

It is usually quite difficult for officers to apprehend a guilty person in the actual operation of a still in the unlawful manufacture of intoxicating liquor. Such manufacture is a process which requires time. In this particular case the officers apparently arrived when the initial process of manufacture had just started, the mash had been prepared and the grain was soaking. The machinery for the distillation part of the process was at hand and was concealed. The jury might well infer from the actions of the defendants and from the entire surroundings that the still and the mash were in the possession of these defendants for the purpose of manufacturing intoxicating liquor.

Under this evidence there were proper questions of fact to be submitted to the jury and the jury passed upon such questions. There was certainly considerable evidence to go to the jury under the information, and upon such evidence the jury made its finding of the guilt of defend-

ants. It is not for this court to reconsider the evidence or its weight. The issues of fact were exclusively within the province of the jury to decide, upon a consideration of all the evidence, and we see no reason why the verdict should now be disturbed.

From an examination of the whole record, it appears that the defendants had a fair trial by an impartial and unprejudiced jury, that the propositions of law were properly submitted to the jury by the district court, and that the evidence was sufficient to warrant the verdict of guilty against each defendant. We hold that the proceedings and judgment of the lower court were without prejudicial error and should be affirmed.

AFFIRMED.