SAM MARO V. STATE OF NEBRASKA.

FILED JANUARY 15, 1924.  No. 23515.

1. Intoxicating Liquors: INFORMATION: SUFFICIENCY. In section 3252, Comp. St. 1922, the adjective phrase "for the manufacture of alcohol or whiskey" qualifies the words "still or equipment," as the case may be, and is descriptive of the apparatus; and a charge that a person is unlawfully in possession of a certain equipment commonly known as a "still," "made and designed" for the purpose of making and manufacturing intoxicating liquor, is sufficient as against a general demurrer.

2. Criminal Law: INSTRUCTIONS. It is not error to refuse a tendered instruction which states to be a fact that which circumstantial evidence tends to disprove.

ERROR to the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. Affirmed.

*Organ & Delitala,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lester L. Dunn,* contra.

Heard before MORRISSEY, C. J., LETTON, ROSE and GOOD, JJ., REDICK and SHEPHERD, District Judges.

LETTON, J.

The first count of an information which was filed against plaintiff in error charged that he "did then and there wilfully, knowingly and unlawfully have in his possession * * * a certain equipment commonly known and described as a 'still,' made and designed for the purpose of making and manufacturing intoxicating liquor, without the said Sam Maro having first obtained a permit from the United States government for the manufacture and sale of ethyl alcohol." In a second count he was charged with the unlawful possession of intoxicating liquor. He was convicted upon the first count, and seeks to reverse the judgment.

A demurrer was filed to the first count on the ground that it fails to allege that the still was intended to be used by the accused for the manufacture of intoxicating liquor. The demurrer was overruled. This ruling is assigned as error.

A portion of section 3252, Comp. St. 1922, is as follows: "Except as is permitted in this section it shall be unlawful for any person to manufacture any intoxicating liquor or to own, maintain or have possession of any still or equipment for the manufacture of alcohol or whiskey." A later provision of the section is to the effect that its provisions shall not be applicable to persons who have obtained a permit from the United States for the manufacture of ethyl alcohol.

The adjective phrase "for the manufacture of alcohol or whiskey" qualifies the words "still or equipment," as the case may be, and is descriptive of the apparatus. The purpose of the statute in this regard is to place an obstacle in the way of one who might otherwise be led to the unlawful manufacture of liquor and thus to deprive him of the means with which to violate ʼ⁻⁻ law. It is pre    ⁻ed that

Maro v. State.

a person in the possession of such a still or equipment has it for the purpose of manufacturing intoxicating liquor in violation of law, although he may show that it was not kept for an unlawful purpose. Comp. St. 1922, sec. 3273. The words "made and designed" in the information are merely amplification, and surplusage. The only charge necessary is that the accused "unlawfully has possession of any still or equipment for the manufacture of alcohol or whiskey."

The demurrer was properly overruled.

There was no prejudicial error in the instructions given by the court, or in its refusal to give instructions No. 1 and No. 3, tendered by defendant. Instruction No. 1 ignores the provision of the statute that the possession of a still is presumptive evidence that it was intended to be used for the manufacture of intoxicating liquor, and is unlawful, unless the accused "shall satisfactorily account for and explain the possession thereof, and that it was not kept for an unlawful purpose." Comp. St. 1922, sec. 3273. Instruction No. 3, tendered by defendant, is erroneous in that it states as a fact that the evidence introduced by defendant shows that he had rented the part of the house in which the stills and liquor were found. The circumstantial evidence tends to discredit this, and the question was one for the jury. The residence of defendant was searched; the officers found two stills and 40 gallons of whiskey hidden in the basement. In order to explain the presence of these articles, defendant testifies that about the first of April, 1922, he had rented the basement to one John Marto, a stranger, for $5 a month; that Marto slept in the basement; that in August Marto told him he intended to use the basement for the purpose of making whiskey; that defendant refused to let him use it for that purpose; and that Marto then said he would move out. The search was made on August 18. The basement had outside doors and windows, and there was a bed in it. There was a hole in the basement wall, large enough for a man to go into, where bricks were left out when defendant built a porch in March, 1922. The porch is about four inches from the ground. He testifies that he left the

opening so that he could go under the porch in order to repair it. One of the stills and the whiskey were hidden in this hole. There is access to the basement from the inside of the house. There was a kitchen cabinet or a set of shelves in front of the hole under the porch. Defendant admitted going into the basement for food supplies, saying that every time he needed tomatoes he went there. The other still was found in a hole in the floor, which was covered with boards and dirt. The stills looked as if they had not been used for some time. There was testimony that defendant asked one of the officers to leave him one of the stills.

We are satisfied that the evidence is sufficient to support the verdict, and that the stills were intended to be used, and probably had been used, in the unlawful manufacture of intoxicating liquor. *Blevins v. State*, 109 Neb. 183. It was a very peculiar circumstance, to say the least, that the cupboard in which defendant's fruit and tomatoes were kept stood directly in front of the hole in the wall where one of the stills was concealed. The jury were justified in refusing to believe that the stills were the property of and in the possession of a tenant. *Nash v. State*, 110 Neb. 712.

AFFIRMED.