STATE OF NEBRASKA, APPELLEE, V. JESSIE GODINEZ,
APPELLANT.

205 N. W. 2d 644

Filed March 30, 1973. No. 38537.

Bertrand V. Tibbels, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

In a jury trial the defendant was convicted of assaulting and stabbing one Lupe Trejo with intent to wound.

(1)

In this appeal he contends that the evidence was insufficient to support the verdict of guilt and that there was prejudicial error in the remarks of the deputy county attorney in final argument. We hold that the defendant's contentions are without merit, and the sentence and judgment of the District Court should be affirmed.

The evidence is ample to sustain the finding of the jury as to the guilt of the defendant. On April 11, 1971, the defendant and Trejo engaged in a fist fight in the parking lot of Paul's Club in Scottsbluff, Nebraska. The evidence indicates that the defendant was the loser in this altercation and that a short while after the fist fight was broken up outside the club Trejo entered the club and was standing near the dance floor. The defendant entered the club armed with a knife. Trejo testified that he was standing near the dance floor when he felt a knife enter his stomach. At the time of the entry of the knife he did not see who had stabbed him, but his testimony is that he grabbed the withdrawing knife-hand of his assailant and then saw and realized that it was the defendant.

The defendant's version, of course, is in conflict. His testimony is that upon entering the club he merely went over to speak with Trejo and that Trejo suddenly renewed his attack upon the defendant. His contention is that he drew the knife in self-defense and that Trejo, in lunging forward to hit him, simply impaled himself upon the knife. The undisputed testimony is that Trejo's wound penetrated through the abdominal wall. It is apparent that the jury rejected this almost incredible version of the wounding.

In other words, the jury clearly found a stabbing and not an impaling since it found the defendant guilty. The defendant, however, contends that the verdict rests upon a physical impossibility. This contention is based upon the expert testimony of one Dr. Gerhard Schmitz. Dr. Schmitz testified that Trejo's wound pene-

trated the abdominal wall in a vertical manner which showed that the wound was not from a slicing blow, but went straight in from front to back. From this testimony alone, the defendant asserts, this court should conclude that Trejo's version of the incident was physically impossible because the stab wound itself demonstrates that it could have been inflicted only from a position directly in front of the victim. In the first place, the term "vertical" is a relative one depending upon the positioning of the bodies of the two men as Trejo was "facing" the dance floor. The defendant's theory is postured upon the proposition that there was a mathematically precise right angle in the positioning of the bodies of the two men at the time the wound was inflicted. It is clear that a very small distortion in the positioning of the bodies of the two men, especially with one of them moving, could easily convince the jury that the defendant's theory was invalid. Second, assuming that the wound was inflicted in a completely vertical fashion, common experience tells us a person could approach from the rear and the side of Trejo and twist or cock the wrist in such a way as to cause a vertical incision. There is further testimony by Trejo that his head was turned to one side at the time he was stabbed and the jury could have found that the defendant could have moved in front of Trejo and stabbed him without Trejo seeing him. Third, the jury may not have believed Trejo's version of the incident in its entirety and still have found the defendant to have been the aggressor.

In jury cases, the jurors are the judges of the credibility of the witnesses and of the weight to be given their testimony and, within their province, they have the right to credit or reject the whole or any part of the testimony of a witness in the exercise of their judgment. Chaloupka v. State, 176 Neb. 746, 127 N. W. 2d 291; State v. May, 174 Neb. 717, 119 N. W. 2d 307. A verdict under such circumstances will not be set

aside unless clearly wrong. Chaloupka v. State, *supra.* We come to the conclusion that the verdict neither rests upon a physical impossibility nor is it clearly wrong. Consequently, it will not be disturbed on this appeal.

The defendant's only other contention is that remarks made by the deputy county attorney in his argument to the jury resulted in a verdict based on bias and prejudice. The alleged prejudicial remarks were not objected to at the time they were made, were not made part of the record, and are found only in the affidavit filed along with the motion for a new trial. The objection as to misconduct of the prosecutor in argument to the jury must be made at the time and a record must be made then. It is too late to object for the first time on the motion for a new trial. Benton v. State, 124 Neb. 485, 247 N. W. 21.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.