STATE OF NEBRASKA, APPELLEE, v. GARY LEE DAVIS,
APPELLANT.

237 N. W. 2d 885

Filed January 29, 1976. No. 40239.

Walker, Luckey, Whitehead & Sipple and Mark M. Sipple, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant was charged with assaulting and resisting the sheriff of Butler County, Nebraska. The jury returned a verdict of guilty and the defendant was sentenced to imprisonment for 1 year. The defendant has appealed and contends the trial court erred in instructing the jury in the disjunctive, as the statute provides, instead of in the conjunctive as the information alleged.

The record shows that a deputy sheriff was called to Bellwood, Nebraska, on December 13, 1974, because of a tavern fight that had taken place. The deputy asked the defendant to leave the tavern and go home. The defendant left the tavern but drove around Bellwood instead of going directly to his home. The sheriff arrived and as the defendant's automobile passed near

the sheriff and the deputy some obscene language was shouted from the defendant's automobile. The sheriff then determined to arrest the defendant for disturbing the peace.

The sheriff stopped the defendant's automobile, opened the door on the driver's side, and told the defendant that he was under arrest for disturbing the peace. The sheriff asked the defendant for identification. The defendant did not comply with the request, but cursed the sheriff and drove off at a high rate of speed. The glove on the sheriff's left hand became entangled in the handle or door latch and the sheriff was dragged 75 or 100 feet before he could free his hand from the glove.

The defendant does not challenge the sufficiency of the evidence to sustain a finding that the defendant was guilty of resisting the sheriff. The defendant's theory of the case is that the State was required to prove both a resisting and an assault because the information was worded in the conjunctive, and the trial court was required to instruct in the conjunctive.

Section 28-729.01, R. S. Supp., 1974, provides that: "Whoever forcibly assaults or resists any law enforcement officer while engaged in or on account of the performance of his official duties, shall be guilty of a felony * * *." Under this statute the offense is complete if the evidence shows either an assault or a resisting of any law enforcement officer while engaged in the performance of his official duties.

In Nash v. State, 110 Neb. 712, 194 N. W. 869, this court approved the following statement from 1 Bishop, Criminal Procedure (3d Ed.), § 436: " 'It is common for a statute to declare that, if a person does this, or this, he shall be punished in a way pointed out. Now, if, in a single transaction, he does all the things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore an indictment upon a statute of this kind may allege, in a single count, that the defendant did as many

of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has ˙*or*, and it will not be double, and it will be established at the trial by proof of any one of them. * * *.' " See, also, Pines v. United States, 123 F. 2d 825, where the court held that, although a statute is disjunctive, the various acts made criminal may be charged conjunctively and the defendant be found guilty of some act prohibited by the statute.

The instructions given by the trial court correctly advised the jury as to the charge contained in the information, the language of the applicable statute, and the essential facts required to be found before a verdict of guilty could be returned. Although some authorities have held instructions confusing where the indictment or information charged the offense in the conjunctive and the instructions set out the elements of the crime in the disjunctive, we think the contention made in this case is without merit. We find no error in the instructions.

The judgment of the District Court is affirmed.

AFFIRMED.