STATE OF NEBRASKA, APPELLEE, v. GLEN A. BOSS, JR., APPELLANT.

238 N. W. 2d 639

Filed February 19, 1976. No. 40263.

R. Steven Geshell of Robak & Geshell, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

A jury verdict of guilty was rendered against defendant, Glen A. Boss, Jr., in the county court of Platte County on the charge of resisting or abusing an officer in the execution of his office, contrary to the provisions of section 28-729, R. S. Supp., 1974. He was sentenced to 30 days in the county jail. Defendant thereafter appealed to the District Court where the judgment

and sentence of the county court were affirmed. He then appealed to this court.

The issues for consideration on this appeal are: (1) Is section 28-729, R. S. Supp., 1974, constitutional; (2) did the court below err in admitting evidence that defendant had probation violations on his record; (3) should the court below have granted a mistrial because of improper final argument by the prosecuting attorney; (4) did the court below err in failing to give an instruction requested by the defendant; (5) was the judgment sustained by sufficient evidence; and (6) was the sentence excessive. We affirm.

The versions of the police officer and of the defendant and his companion as to what occurred were in most respects in direct conflict. Defendant and his companion admitted they had been drinking beer for a period of about 3 hours. The occurrence in question happened as the defendant and his companion were traveling in the defendant's car to a restaurant.

The police officer's version was that the car, with the defendant at the wheel, passed the police patrol car (both traveling in the same direction) on an icy, snow-packed street at a speed in excess of the posted limit and as the defendant's car passed it fishtailed two or three times. The officer then turned on his flashing red lights and gave chase. The defendant pulled his car to the curb and stopped. The officer asked for the defendant's license and automobile registration and informed him that he was going to give him a ticket for speeding. As the officer turned to go back to the patrol car to get his summons book, the defendant got out of his car, grabbed the wrist and hand of the officer in which the officer held the license, and said to the officer: ". . . you dirty son-of-a-bitch." The officer pulled away and attempted to turn the defendant to handcuff him. The defendant struggled and hit the officer on the side of his head with his arm and elbow, knocking off the officer's hat and spectacles. The of-

ficer attempted to subdue the defendant by striking him with the flashlight and spraying him with mace. The defendant escaped and ran, but almost immediately came back and submitted to arrest.

The defendant's version was that as he reached into his car to comply with the officer's request to get his auto registration, he (the defendant) said ". . . you son-of-a-bitch I wasn't speeding—if anything you was impeding traffic." At that time, while the defendant's back was turned, the officer began beating him over the head with his flashlight. The defendant sought to protect his head with his hand, shoved the officer out of the way, and, because he was being sprayed with mace, ran. The testimony of the defendant's companion tended to verify defendant's version of the incident.

Defendant's first assignment of error challenges the constitutionality of section 28-729, R. S. Supp., 1974, which provides: "Whoever abuses any judge or resists or abuses any sheriff, constable or any other officer in the execution of his office, shall be fined in any sum not exceeding one hundred dollars or be imprisoned in the jail of the county not exceeding three months."

Defendant is specifically concerned with that portion of the statute which makes it a misdemeanor to *resist or abuse* any officer in the execution of his office. He argues that the words *resist or abuse* are so vague as to be unconstitutional because they sweep within their coverage constitutionally protected speech without sufficient definition of what is and is not criminal. No person, defendant contends, could read section 28-729, R. S. Supp., 1974, and know with any degree of certainty what he can or cannot say to an officer without fear of being arrested.

The defendant argues that the statute is unconstitutional on its face and as applied to him in this particular case. He relies upon Gooding v. Wilson, 405 U. S. 518, 92 S. Ct. 1103, 31 L. Ed. 2d 408; and Lewis v. City of New Orleans, 415 U. S. 130, 94 S. Ct. 970, 39 L. Ed.

2d 214. The term "abuse" may include verbal injury as well as physical. One of the primary meanings of the word is "to attack or injure with words." Webster's Third New International Dictionary (Unabr., 1961). See, also, State v. Neubauer, 2 Conn. Cir. 169, 197 A. 2d 93; Campf v. State, 80 Ohio St. 321, 88 N. E. 887. The word abuse and similarly broad terms in like statutes have been held to pass constitutional muster under the First Amendment to the Constitution of the United States only if they are construed so as to apply the statute to punish only what have been called "fighting words." Chaplinsky v. New Hampshire, 315 U. S. 568, 62 S. Ct. 766, 86 L. Ed. 1031; Gooding v. Wilson, *supra;* Lewis v. City of New Orleans, *supra*. " '[F]ighting' words [are] 'those which by their very utterance inflict injury or tend to incite an immediate breach of the peace.' " Gooding v. Wilson, *supra*. In accordance with the principles announced by the Supreme Court of the United States in Lewis v. City of New Orleans, *supra,* we construe the term abuse in the statute, insofar as it includes the use of words, to apply only to words which "by their very utterance inflict injury or tend to incite an immediate breach of the peace." We find that under the circumstances shown by the undisputed evidence the words here used were fighting words, being, as they were, directed at the officer by the person being investigated or arrested and, so to speak, in face-to-face confrontation while the officer was in the execution of his office.

We specifically reject the authority of Williams v. District of Columbia, 419 F. 2d 638, and the concurrence of Mr. Justice Powell in Lewis v. City of New Orleans, *supra,* wherein it is suggested that the words here used cannot be fighting words when directed to a police officer because he is trained to accept such abuse without violent reaction. Such words, of course, do not justify violent reaction, but we can find no constitutional basis for the distinction made. On the other

hand, we agree that whether any particular use of abusive language constitutes "fighting words," depends not only upon the words, but upon the circumstances as well. As so construed by this opinion, we hold that section 28-729, R. S. Supp., 1974, is constitutional and does not violate the First Amendment to the Constitution of the United States, nor Article I, section 5, of the Constitution of Nebraska.

The contention of the defendant that the word "resist" is so vague as to be unconstitutional is without merit. Our holding in State v. Lewis, 184 Neb. 111, 165 N. W. 2d 569, is controlling. See, also, State v. Holland, 183 Neb. 485, 161 N. W. 2d 862.

The defendant's second and third assignments of error, pertaining respectively to the admission of certain testimony over objection and to improper final argument by the prosecutor, are given overlapping treatment in the defendant's brief and we will do likewise in this opinion. Defendant contends that the trial court erred in allowing the State to present evidence indicating that he had, during a period while on probation, not complied with the terms of the probation order and that his period of probation had, on that account, been extended. Defendant took the stand and on direct examination his attorney asked him if he had ever pled guilty or been convicted of a felony. Defendant responded in the affirmative, and under further questioning stated that he had been placed on probation, that he had completed his probation, and that his civil rights had been restored. The State called up defendant's probation officer as a rebuttal witness. He testified that while defendant was on probation, his reputation for truth and veracity in the community had been "fair." Defendant's attorney then offered into evidence an order terminating defendant's probation "with all civil rights restored as if a pardon had been issued." This order apparently was issued under the provisions of section 29-2264, R. S. Supp., 1974. At that point

the prosecutor on redirect asked if the fact the defendant had completed his probation meant that the officer "never had any reports of wrong doing." The probation officer responded, "A. No it doesn't." Objection was made that this was "improper redirect." The objection was overruled, but when the prosecutor sought to develop the matter further, objection was made before any answers were given and the objection was sustained. The court, of course, properly sustained the objection. When the State calls a witness to challenge defendant's claim of truth and veracity, "a line of inquiry directed towards the defendant's previous character is firmly forbidden the State on direct examination." State v. Newte, 188 Neb. 412, 197 N. W. 2d 403. When a defendant testifies on his own behalf, the prosecuting attorney may question him as to his previous convictions for felony and the number thereof, but no details as to the nature of the charges or other details may be elicited or received. See State v. Craig, 192 Neb. 347, 220 N. W. 2d 241. A defendant is entitled to offer evidence of his reputation for truth and veracity. The prosecution is entitled to dispute that evidence only by evidence of bad reputation for truth and veracity. State v. Craig, *supra*. The prosecution was not entitled to go into the reasons why defendant's probation was extended.

The only matter raised by defense counsel in his cross-examination of the State's witness was the introduction into evidence of a certified copy of the order releasing defendant from probation. This was properly admissible under the explicit provisions of section 29-2264(5)(c), R. S. Supp., 1974. The defendant, by the introduction of the order, did not open up any new matter. However, we do not believe that the erroneous introduction of the answer, "No it doesn't," is so prejudicial that it requires reversal.

In the course of this prosecution, the defense counsel, apparently in his opening statement, seems to have con-

ceded that the defendant had previously been convicted of a felony of a type similar to that here charged. The prosecutor, in his closing argument, made various references to this admission.

A prosecutor in his argument is entitled to refer to previous convictions of felony only for the purpose of arguing the defendant's credibility. He is not entitled to use the conviction for the purpose of inferring the probability of the defendant's guilt of the crime charged. State v. Kallos, 193 Neb. 113, 225 N. W. 2d 553.

The question before us is whether the prosecutor made improper use of the admission of the prior conviction and whether the defendant properly preserved his claim of error.

A fair reading of that portion of the prosecutor's closing arguments contained in the bill of exceptions leads us to the conclusion that, with one exception, the tenor of the argument was that the verdict depended upon the jury's determination of the credibility of the witnesses. The prosecutor called specific attention to the instruction of the court defining the charge and to instruction No. 6 which was the standard instruction making the jurors the sole judges of the credibility of the witnesses. This was the focus of his argument. In this respect the argument was proper. Then followed a complicated statement, the gist of which was that if, in fact, the defendant resisted, he should not be acquitted merely because the jury might think that the officer himself "went a little too far." The prosecutor then argued that if the officer went too far the proper recourse for the jury was not the acquittal of the defendant, but complaint to the police chief, mayor, and Governor. At that point, defense counsel made objection and moved for a mistrial. The motion was overruled. Prosecutor then completed his argument. Defense counsel then responded and again in his argument the credibility of witnesses was the key. The prosecutor then closed and in the course of his rebuttal referred

to the fact that the defendant's probation had been extended for 6 months and then said: "Now Mr. Geshell's told you about his previous conduct that is substantially similar to what he's charged with here today. Ladies and gentlemen, we simply state if a dog bites you once, you know it's a dog's fault; but if it bites you twice, it's your own fault and this has happened again." This argument seems clearly to imply that because the defendant had admitted having previously committed a like offense he was therefore guilty of the charge on which he was being tried. However, no objection was made to this argument either at the time it was made, nor at any time before the matter was submitted to the jury. Neither was there a motion for a mistrial nor a request for a special cautionary instruction to the jury. Ordinarily a party who does not object to an argument of the prosecutor which is alleged to constitute misconduct will be held to have waived his right to complain. Parker v. State, 67 Neb. 555, 93 N. W. 1037; Swartz v. State, 118 Neb. 591, 225 N. W. 766; Benton v. State, 124 Neb. 485, 247 N. W. 21; State v. Suggett, 189 Neb. 714, 204 N. W. 2d 793. We hold that the failure to object in this case waived the right to complain.

Defendant further argues that the court erred in refusing an instruction requested by him. The instruction requested was in three parts and the effect of it would have been to require the jury to acquit the defendant if the words he used did not tend to cause an immediate breach of the peace. The requested instruction did not take into consideration that evidence which tended to prove that defendant had physically resisted the officer. This instruction also would have submitted to the jury questions of law, i.e., was the arrest valid, without giving any guidelines for determining the validity of the arrest. Error may not be predicated on the refusal to give an instruction which either erroneously or only partially covers the applicable law. State v. Reeder, 183 Neb. 425, 160 N. W. 2d 753; Sherrick v. State, 157

Neb. 623, 61 N. W. 2d 358; Clements v. State, 80 Neb. 313, 114 N. W. 271.

It is not necessary to discuss the contention of the defendant that the evidence was insufficient to support the verdict except to note two elementary principles. Jurors are judges of the credibility of witnesses and of the weight to be given their testimony and, within their province, they have the right to credit or reject the whole or any part of the testimony of a witness in the exercise of their duty to determine the truth. State v. Godinez, 190 Neb. 1, 205 N. W. 2d 644. Resolutions of conflicts in evidence and credibility of witnesses are not for the reviewing court, but for the jury. State v. Bohannon, 187 Neb. 594, 193 N. W. 2d 153.

The defendant argues that the sentence of 30 days in the county jail is excessive. The penalty prescribed by statute is a fine "in any sum not exceeding one hundred dollars or [imprisonment] in the jail of the county not exceeding three months." The record shows that the defendant was once previously convicted on a plea of guilty to a felony assault on a police officer; that he has another conviction on a charge of disorderly conduct; that he forfeited bond on a petty larceny charge; and that he has numerous convictions on traffic charges. Under the circumstances the imposition of a jail sentence by the county judge was not an abuse of discretion.

AFFIRMED.