STATE OF NEBRASKA, APPELLEE, v. CHRIS VAN EGMOND, APPELLANT.

293 N. W. 2d 72

Filed May 28, 1980. No. 42837.

Walter Matejka, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

Appellant, Chris Van Egmond, appeals from an order of the District Court for Madison County, Nebraska, affirming a judgment of the county court of

Madison County, Nebraska, finding appellant guilty of resisting or abusing an officer in the performance of his duty in violation of Neb. Rev. Stat. § 28-729 (Reissue 1975). We affirm.

The evidence discloses that on September 24, 1978, about 2 or 2:30 a.m., the sheriff of Madison County was awakened by a telephone call from his dispatcher telling him about a complaint of a loud party and shooting going on at 2300 South First Street, outside the city limits of Norfolk, Nebraska. The sheriff picked up a deputy and together they rode to the scene of the complaint. The automobile they were driving was marked to indicate it was the sheriff's automobile; it had a star on the side and a red light on the roof of the vehicle. Both the sheriff and his deputy were in uniform. They pulled into the driveway of the subject property where they encountered 12 to 15 people around a bonfire. The deputy testified that he attempted to get out of the car at the same time as the sheriff but that as he did so he was shoved back in the car by the appellant who pushed the door with his leg and hip. The appellant then made some obscene statements to the deputy who reached back and got his flashlight and shined it in the appellant's eyes. Appellant grabbed the flashlight and threw it some 40 or 50 feet. The deputy then drew his revolver at which time appellant encouraged the deputy to shoot him.

Appellant admitted at the trial that he had used his knee to keep the door from opening all the way, but denied that he had ever slammed it shut. He likewise admitted that it was possible that he had said some obscenities to the deputy. He further admitted he grabbed the flashlight from the deputy's hand and threw it over his shoulder. Appellant offered no evidence which could in any manner justify his actions or behavior toward the deputy.

The appellant was convicted after trial in the county court and sentenced to 30 days in the county

jail. Upon appeal, the District Court affirmed the county court decision.

Appellant assigns as error: (1) That the trial court erred in not dismissing the action for failure of the prosecutor to make a prima facie case; and (2) The trial court erred in overruling the motion for a new trial. In essence, the assignments are one and the same and we need consider only the first.

Appellant was specifically charged under § 28-729, which provides:

> Whoever abuses any judge or resists or abuses any sheriff, constable or any other officer in the execution of his office, shall be fined in any sum not exceeding one hundred dollars or be imprisoned in the jail of the county not exceeding three months.

In *State v. Davis,* 195 Neb. 361, 362, 237 N.W.2d 885, 886 (1976), we held: "Under this statute the offense is complete if the evidence shows either an assault or a resisting of any law enforcement officer while engaged in the performance of his official duties." The *Davis* case was brought under Neb. Rev. Stat. § 28-729.01 (Reissue 1975), but the reasoning of the *Davis* case applies equally to § 28-729. The record fails to disclose any justification or reason for the appellant's preventing the deputy from leaving the vehicle while attempting to perform his official duties, nor any justification for grabbing the deputy's flashlight and throwing it away, nor any justification for verbally assaulting the deputy with obscenities. Appellant clearly was intending to prevent the deputy from performing his official duties and, in doing so, abused the deputy.

In *State v. Boss,* 195 Neb. 467, 238 N.W.2d 639 (1976), we held that one who grabbed the hand and wrist of an officer and called him a "dirty son-of-a-bitch" and then struggled against the officer when he subsequently tried to handcuff him and hit the officer on the side of the head, had indeed abused the

officer within the meaning of § 28-729. While, to be sure, the action of the appellant herein was not as severe as that in the *Boss* case, nevertheless, but for the actual physical assault on the deputy in the *Boss* case, the activity of the appellant in this case was similar to that of the *Boss* case and clearly displayed abuse of a deputy in the execution of his office.

The most that the appellant can offer in support of his position is that the evidence was in conflict as to just how far he went in dealing with the deputy. However, in *State v. Carter,* 205 Neb. 407, 409, 288 N.W.2d 35, 36 (1980), we said:

> [I]t is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.

Taking the view most favorable to the State in this case, it appears that the deputy was on the premises in the exercise of his official duties and in an attempt to preserve the peace. Both the county court, initially, and the District Court, on appeal, were justified in their conclusions and on appeal to this court such conclusions should not now be disturbed. If anything, it would appear that the court was lenient in sentencing the appellant. Officers in the exercise of their official duties should not be abused.

AFFIRMED.