STATE OF NEBRASKA, APPELLEE, V. JAMES RAY BROWN, APPELLANT.

327 N.W.2d 107

Filed December 10, 1982. No. 81-916.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

James Ray Brown, pro se.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

HASTINGS, J.

The defendant was charged with first degree murder resulting from the June 17, 1981, shooting death of Claud V. Spencer in Omaha, Nebraska. However, upon trial to a jury he was convicted of second degree murder and sentenced to a term of 25 years in the Nebraska Penal and Correctional Complex. He has appealed to this court. The brief filed by his counsel assigns as the sole error that the evidence was insufficient as a matter of law to support the conviction. In a brief filed pro se, the defendant charges that a police officer destroyed evidence at

the scene of the crime. We affirm the conviction and sentence.

The defendant in his testimony admitted that he killed the victim. However, he testified that the killing arose out of a sudden quarrel. He said that during the argument the victim stated to the defendant that he would cut his throat. Then, according to the defendant, the victim pulled a large knife out of his pocket, which he opened and started slashing at the defendant. The defendant claims that he retreated out of the building where the argument began, but that the victim pressed on. Finally, the defendant said he pulled a revolver from his pocket, fired a warning shot into the ground, and when that did no good, he fired approximately five more shots. He claimed that the victim then just lay down on the street, raised back up, picked up his knife, which had fallen to the ground, closed it, and tried to return it to his pocket but it fell beside him. The victim apparently was dead when the police arrived minutes later.

The defendant's story is supported in substance by the testimony of several friends, Alfonzo Ray Hunter, Roosevelt Kirk, and Mar Haman.

However, there was other testimony which would support a finding that the argument, which had begun inside, broke off; that the defendant left and walked across the street; and later, after the victim came outside, unarmed, he was sought out by the defendant and shot a number of times.

Neb. Rev. Stat. § 28-304 (Reissue 1979) defines murder in the second degree as causing the death of a person intentionally, but without premeditation. Manslaughter is the killing of another without malice, upon a sudden quarrel. Neb. Rev. Stat. § 28-305 (Reissue 1979). The jury was instructed as to both first and second degree murder and manslaughter.

Although the evidence was conflicting, the jury resolved the conflicts against the defendant and in favor of second degree murder. The relative weight

of conflicting evidence is necessarily determined by the credibility of the witnesses, which question is one solely for the jury which saw the witnesses and heard the testimony. *Lee v. State,* 124 Neb. 165, 245 N.W. 445 (1932). The jurors are the judges of the credibility of the witnesses and the weight to be given to the testimony, and they have the right to credit or reject the whole or any part of the testimony in the exercise of their judgment. *State v. Godinez,* 190 Neb. 1, 205 N.W.2d 644 (1973). This court will not interfere with a jury verdict of guilty based upon evidence unless it is so lacking in probative force that the court can say as a matter of law that it is insufficient to support a verdict of guilty beyond a reasonable doubt. *State v. Booth,* 202 Neb. 692, 276 N.W.2d 673 (1979). The evidence was sufficient to support a verdict of guilty of second degree murder.

The complaint raised in the pro se brief is wholly without merit. The defendant complains because one of the police officers, who first arrived at the scene, saw the victim lying on the ground with a billfold and a knife that was closed lying alongside the body. The officer testified that he placed the knife and billfold in the victim's pocket. The defendant claims that this amounted to destroying evidence. Such is not the case. The knife was offered in evidence at the trial. The officer testified that it was closed. This is consistent with the testimony of one or more of the defendant's own witnesses.

The judgment and sentence of the District Court is affirmed.

AFFIRMED.