STATE OF NEBRASKA, APPELLEE, v. HARRY K. DOFNER, APPELLANT.

332 N.W.2d 683

Filed April 15, 1983. No. 82-399.

James P. Miller and Owen A. Giles, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

Defendant-appellant, Harry K. Dofner, appeals from a conviction for writing a bad check in violation of Neb. Rev. Stat. § 28-611(3) (Reissue 1979). We reverse.

The relevant statute, in pertinent part, provides as follows:

''(1) Whoever obtains property, services, or present value of any kind by issuing or passing a check or similar signed order for the payment of money, knowing that he has no account with the drawee at the time the check or order is issued, or, if he has such an account, knowing that he does not have sufficient funds in, or credit with, the drawee for the payment of such check or order in full upon its presentation, commits the offense of issuing a bad check. Issuing a bad check is:

"(a) A Class III felony if the amount of the check or order is one thousand dollars or more;

"(b) A Class IV felony if the amount of the check or order is three hundred dollars or more, but less than one thousand dollars;

"(c) A Class I misdemeanor if the amount of the check or order is seventy-five dollars or more, but less than three hundred dollars; and

"(d) A Class II misdemeanor if the amount of the check or order is less than seventy-five dollars.

. . . .

"(3) Whoever otherwise issues or passes a check or similar signed order for the payment of money, knowing that he has no account with the drawee at the time the check or order is issued, or, if he has such an account, knowing that he does not have sufficient funds in, or credit with, the drawee for the payment of such check or order in full upon its presentation, commits a Class II misdemeanor."

As will be seen, the record in this case is far from a model of clarity. It appears, however, that on October 2, 1981, the defendant was informed against in the following words and figures: "On or about the 15th day of July, 1981, at or near 16512 Hilo Circle, Omaha in Sarpy County, Nebraska, said Harry K. Dofner, did then and there obtain property, services or other present value by issuing or passing a check or similar signed order for the payment of money, knowing that he had no account or insufficient funds with the drawee at the time the check or order was issued, the value of said check or similar signed order being $305.00, in violation of Section 28-611(1), R.R.S. Nebraska. (Class IV Felony)." On January 14, 1982, the defendant appeared with counsel before a judge of the Nebraska Second Judicial District Court, Sarpy County, and entered a plea of not guilty. On January 27, 1982, the State was granted leave to file, instanter, an amended information, hereinafter referred to as the first amended information. That first amended information is not con-

tained in the transcript, but from the colloquy reflected by the bill of exceptions, we conclude defendant was charged with issuing a bad check of "more than 75, but less than 300," which the court characterized as a Class I misdemeanor. The judge concluded that the parties were not in agreement as to a plea bargain which had previously been discussed by them, and rejected defendant's guilty plea. That judge then sustained the State's motion to withdraw the first amended information, noting that it had never been filed. At 8:58 a.m. on March 12, 1982, another amended information was filed, hereinafter referred to as the second amended information. That second amended information reads as follows: "On or about the 15th day of July, 1981, at or near 16512 Hilo Circle in Sarpy County, Nebraska said Harry K. Dofner did then and there issue or pass a check or similar signed order for the payment of money, knowing that he has no account with the drawee at the time the check or order is issued, or if he has such an account, knowing that he does not have sufficient funds in or credit with, the drawee for the payment of such check or order in full upon its presentation, in violation of Section 28-611 (3) R.R.S. Nebraska. (Class II, Misdemeanor)." At 9:15 of that morning, proceedings were had before a second judge of the aforesaid court upon, according to the judge's comments, the "motion of the County Attorney to withdraw the amended Information." Although no such motion appears either in the bill of exceptions or in the transcript, the judge stated that the county attorney's "motion to withdraw the amended Information is granted." The matter later proceeded to trial before a third judge. It appears defendant was not entirely satisfied with his trial attorney's services.

At the close of the State's evidence the following dialogue took place between the trial judge and defendant's trial counsel: "THE COURT: You have a motion? MR. ADDISON: Do you want to make

it? A motion to dismiss. THE COURT: I'll sustain your motion as to the felony charge, but not as to the misdemeanor. . . ."

Defendant makes four assignments of error. He asserts, on the one hand, that the trial court erred in finding defendant guilty of an amended information which had been withdrawn. On the other hand, he contends error by the trial court in its treatment of § 28-611(3) as a lesser-included offense of § 28-611(1); in its allegedly unconstitutional construction of § 28-611(3) by failing to require an intent to defraud; and in its failure to dismiss the entire proceeding when it dismissed the charge based on § 28-611(1).

The State asserts this is a prosecution for a Class II misdemeanor for issuing an insufficient or no account check in violation of § 28-611(3).

We share defendant's confusion. We are uncertain from the state of the record before us whether the trial court thought it was trying the defendant under the original information charging a violation of § 28-611(1) and that § 28-611(3) is a lesser-included offense thereof, or whether it was trying the defendant under an information charging a violation of § 28-611(3), as the State contends.

The task of this court in cases where a defendant has been convicted of a crime is to determine whether the evidence is such that it is sufficient to support the finding of guilt beyond a reasonable doubt. See, *State v. Holland,* 213 Neb. 170, 328 N.W.2d 205 (1982); *State v. Brown,* 213 Neb. 68, 327 N.W.2d 107 (1982). That determination cannot be made in the absence of a record which tells us, as well as the defendant, clearly with what crime defendant has been charged. In a very real sense, the question in this case becomes whether the pleadings support the judgment. We cannot know whether they do unless we first know what the pleadings are. The state of the record before us does not allow us to make that determination with the degree of certainty required.

In view of the foregoing determination it is unnecessary for us to discuss further the defendant's assignments of error. The judgment of conviction is reversed and the matter remanded for further proceedings.

REVERSED AND REMANDED.

KRIVOSHA, C.J., dissenting.

While I agree with the majority in its conclusion that the trial court was in error, I believe that the instant action should not be remanded for further proceedings but, rather, should be dismissed. As noted by the majority, the trial court sustained a motion to dismiss as to a felony charge but proceeded to find the defendant guilty of a misdemeanor, for which it appears no complaint was ever filed. It may very well be that the trial court did indeed try the defendant on the felony charge and erroneously found him guilty of a lesser-included offense. We simply cannot tell from the state of the record. On that basis it occurs to me that to try the defendant again on any charge arising out of this transaction, for which the trial court has already sustained a motion to dismiss as to the felony charge and therefore has rendered a judgment on the merits, is double jeopardy, in violation of the fifth amendment to the U.S. Constitution and Neb. Const. art. I, § 12. See *In re Resler,* 115 Neb. 335, 212 N.W. 765 (1927).